CHARLES W. DOHERTY et al., Respondents, *v.* GEORGE W. MATSELL, JR., et al., Appellants.

Possession of land is always presumed to be in subordination to the true title, and one who claims to have acquired title by adverse possession must show that he or his predecessors in interest held the land in hostility to the true owner claiming the title thereto.

(Argued March 7, 1890; decided March 11, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 20, 1888, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial without a jury.

This was an action to recover possession of certain real estate in New York city commenced in October, 1883. It appeared that on September 25, 1848, in pursuance of a sale for unpaid taxes, a lease of said land, which was subsequently held to be void, was executed by the city to one Matsell for a term of

twenty-five years, which recited that the lessee was entitled to hold the land against the owner or owners and all claiming under him until the expiration of his term, and that he could remove all buildings erected by him on said land.    Matsell took possession of the land and erected buildings which he occupied until February 28, 1857, when he executed a quit-claim deed thereof to one Mickle, and at the same time assigned to him the tax lease.    Mickle occupied the land and received the rents until in 1858, when Matsell again resumed possession without, so far as appeared, any reconveyance or reassignment of the lease, and he continued to occupy the land and receive the rents until November 1, 1864, when he conveyed by a quit-claim deed to his son, one of the defendants, who has since occupied and possessed the premises.    On April 30, 1883, the owner, for whose failure to pay taxes the sale was made, conveyed said land to Charles Jones, for whose benefit this action was brought.    There was no evidence that Mickle or Matsell, prior to November 1, 1864, claimed any title to the land except under the lease, or did any act inconsistent with a claim of right under the lease.    Defendant set up a title by adverse possession.

The court say : " It is undoubtedly true that for irregularities in the imposition of the taxes and in the proceedings leading to the tax sale the lease was void.    But Matsell entered under the lease, and his right to hold under it does not appear ever to have been disputed.    While under such a lease he was not estopped from disputing the title of the real owners, and while during the term he could have originated an adverse possession, yet he did not do so ; and the lease although void was competent and persuasive evidence that he entered into and held possession of the land under the lease, and that he claimed no other title thereto.    In order to establish title by adverse possession, it was incumbent upon the defendants to show that they and their grantors held the land adversely and in hostility to the true owner, claiming the entire title thereto.    (*Hoyt* v. *Dillon*, 19 Barb. 644; *St. Vincent Orphan Asylum* v. *City of Troy*, 76 N. Y. 108; *Gross* v. *Welwood*, 90 id. 638 ; *Sands* v. *Hughes*, 53 id. 287.)

" Possession of land is always presumed to be in subordination to the true title, and one who claims that it is in hostility to such title must give evidence showing that fact or from which the fact may properly be inferred.

" Here the evidence and circumstances were ample to justify a finding that Matsell, Sr., never, during the time he possessed the land, claimed to own anything more than the estate which the lease purported to give him, and that the land was never possessed adversely and in hostility to the true owners prior to the 1st day of November, 1864. The quit claim deed to Mickle was an appropriate instrument for the conveyance of Matsell's interest in the term, and the assignment at the same time of the lease, subject to the rents and covenants therein contained, authorizes, if it does not absolutely require, the inference that all that Matsell intended to convey was his term under the lease. The fact that he resumed possession of the premises in 1858, without, so far as it appears, any reconveyance to him, certainly is not conclusive evidence that he intended then to assert an absolute title to the land ; but the inference is permissible and most probable that there was either an undisclosed reconveyance to him by Mickle or some arrangement between Mickle and him by which he was to resume his former title. It must be presumed, in the absence of other proof, that he occupied the premises then as he did before the conveyance to Mickle, and as Mickle did. He knew the existence of the lease and that he had no right to occupy the premises except by virtue thereof, and there can be no presumption that he intended without any title or right to acquire by simple possession the title to this land, and thus without a shadow of right deprive the true owners thereof.

" If the adverse possession of these premises commenced at any time before the expiration of the lease from the city, the evidence authorized a finding that it commenced not earlier than the 1st day of November, 1864, when Matsell conveyed to his son. The defendants admit that at the time of the conveyance of the land to Charles Jones they claimed the adverse possession under that title, and, therefore, it was proper that this action should be commenced in the name of

the grantors for the benefit of their grantee, under section 1501 of the Code.

" The case of *Sands* v. *Hughes* (*supra*) is not an authority for the defendants. That case holds that a lessee under such a lease is not estopped from disputing the title of the supposed owner for whose default, in the payment of the taxes, the land was sold by the city, and that, during the term of such a lease, even if valid, an adverse possession may be originated which will ripen into a title within twenty years after the end of the term; and that if the lease is invalid an adverse possession may originate and commence to run at any time which will ripen into a title within twenty years from the time it originated. There the adverse possession under claim of title was found. But the difficulty with the case of the defendants here is that there is no evidence requiring or finding that Mickle or George W. Matsell ever originated an adverse possession or claimed an adverse title earlier than the 1st of November, 1864, and the defendants, therefore, failed at the trial, as they must fail here, on the ground that they did not establish the adverse possession upon which they seek to base their title. But for the lease the evidence was ample to show the adverse possession. But the existence of that, whether valid or invalid, and the entry thereunder characterizes the possession, and must properly dominate this case.

" We are, therefore, of opinion that the judgment should be affirmed, with costs."

*Emanuel J. Myers* for appellants.

*Alex. Thain* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.