## MILLER v. WARREN et al.

(Supreme Court, Appellate Division, First Department.  May 6, 1904.)

1. LEASES—MORTGAGES—RIGHTS OF MORTGAGEE IN POSSESSION.

Mortgages on a leasehold can have no duration beyond the term of the lease, and mortgagees in possession thereunder can acquire no greater rights by virtue of their possession than the lessees.

2. SAME—POSSESSION OF LESSEES—CHARACTER.

Possession under a tax or assessment lease is not adverse to the title of the owner in fee, but is in subordination thereto.

3. ADVERSE POSSESSION—HOLDING UNDER WRITTEN INSTRUMENT—APPLICABILITY OF STATUTE.

Code Civ. Proc. § 369, providing that where an occupant of lands entered into possession under claim of title founded on a written instrument as a conveyance, or on a decree of court, and has continued in possession for 20 years under the same claim, the premises are deemed to have been held adversely, has no application to a possession by virtue of a tax or assessment lease executed for a term of years, or a holding over by the tenants or their successors after the expiration of such lease.

4. SAME—FACT OF POSSESSION—CONSISTENCY WITH LEGAL TITLE.

The mere fact of 20 years' possession is not conclusive, and does not constitute an adverse possession, so as to defeat the assertion of the paper title; but, to accomplish such result, the possession must be inconsistent with the right of possession of the paper title holder.

5. SAME—POSSESSION CONSISTENT WITH PAPER TITLE—PRESUMPTION OF CONTINUANCE.

Where possession under a tax or assessment lease is established, such possession being subordinate to the paper title of the true owner, the continued possession after the expiration of the term for which the lease was executed will be regarded as still in subordination to the paper title, unless there be a disclaimer of the paper title, or something tantamount to a surrender of the original possession, and a retaking under an independently asserted claim of right and title.

6. LIMITATIONS—SUSPENSION OF STATUTE—ABSENCE FROM STATE.

Under the express provisions of Code Civ. Proc. § 401, the running of limitations is suspended during the time of continuous absence of over a year's duration from the state.

Appeal from Trial Term, New York County.

Action by George M. Miller, as executor of the estate of Susan O. Hoffman, deceased, against Joseph H. Warren and another.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

D. Thornton, for appellants.
Eugene V. Daly, for respondent.

PATTERSON, J.  This is an action in ejectment.  The plaintiff had judgment awarding him the possession of one eighty-eighth part of the real property, No. 304 Mott street, in the city of New York, and a sum of money as damages and costs.  It is sufficiently proven that the title to the share of the premises thus recovered is in the plaintiff as trustee under the will of Susan O. Hoffman.  Without going into the details of the evidence, or making a full abstract of the title, there is enough, we think, to show that, if no specific defense is established,

the plaintiff's right to judgment was made out, and he may recover on the strength of his own title. The defendants in the action (who appeal) are Joseph H. Warren and Dorothy Warren, his wife. In 1793 the title to the locus in quo became vested in Vreelandt, the husband of Rebecca Dyckman. He conveyed to Wilkins, who conveyed to Martin Hoffman, the grandfather of the plaintiff's testatrix, by a deed made in the year 1795, and the plaintiff claims under the will of the testatrix. In 1821 the premises were sold for an unpaid assessment for the opening of Canal street, and a lease thereof for 60 years was made to James Boyle, and was assigned to Daniel Higgins. Higgins mortgaged the leasehold to Ridgeway, who assigned the mortgage to Whitlock, who, in turn, assigned it to Patrick Mulvahill. In 1843 Garret Byrne and others, heirs of Higgins, also mortgaged the leasehold to Mulvahill, who was a mortgagee in possession in 1854, and remained in possession until he died, in November, 1866. He left a last will and testament, which was duly proven, and his real estate passed in trust to his executors during the lifetime of his wife, and upon her death to Marcella Walsh, his niece. The Mulvahill executors entered upon the premises and continued in possession until the expiration of the term of the lease. After such expiration, they still remained in possession and received the rents until the death of Mrs. Mulvahill, in 1891. Since that time, Joseph Warren, the defendant, heir at law of Marcella Walsh, has been in possession of the premises, and has received the rents. He became 21 years of age in 1890, after which time he was continuously absent from the state of New York for 3 years.

The question in this case relates to the appellants' defense of adverse possession. It is quite clear that that defense must fail. Warren's predecessors in possession entered by virtue of a lease given upon a sale of the premises for the nonpayment of an assessment. The legal effect of that lease was to carve out from the estate of the real owner a term of years, leaving the title in fee undisturbed, and in those entitled to it, either by descent or as purchasers. When the term of 60 years granted in that lease expired, the land was relieved from the burden of the lease. The estate of the lessee and assigns ended. Nothing can be claimed to aid the defendant under the mortgages above referred to, for they were upon the leasehold, and could have no duration beyond the term of the lease. Up to 1881 the possession of the defendants' predecessors was under the tax or assessment lease, and therefore it was not adverse to the plaintiff's ancestor's title, but was in subordination to the title of the real owners. Such a possession is not adverse. Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994; Hilton v. Bender, 69 N. Y. 79; Bedell v. Shaw, 59 N. Y. 50; Bensel v. Gray, 62 N. Y. 633. There are no facts appearing in this record to indicate that the land is to be deemed held adversely to the plaintiff under the provision of section 369 of the Code of Civil Procedure. The adverse possession defined there is under a written instrument, and relates to a case where the occupant of land, or those under whom he claims, entered into possession of the premises under a claim of title exclusive of any other right, founding the claim upon a written instrument, as being a conveyance of the premises in ques-

tion, or upon the decree or judgment of a competent court, and where there has been a continued occupation and possession of the premises included in the instrument, decree, or judgment, or of some part thereof, for 20 years, under the same claim.  Here there is neither instrument, nor a claim of title exclusive of any other right, nor a possession of Warren or his predecessors of the premises included in the instrument for 20 years under the same claim.  After 1881 the continued possession of the premises by Warren or his predecessors in no respect changed the situation on the subject of adverse possession.  The mere fact of being in possession for 20 years, of course, is not conclusive, and does not constitute adverse possession, such as would defeat the assertion of the plaintiff's title, for, to be adverse, the possession must be inconsistent with the right of possession of another.  But it being established that the predecessors of Warren, up to 1881, were in possession under the tax title, and that that possession was in subordination to the title of the true owner, then the continued possession after 1881 will be regarded as still in subordination, unless there be a disclaimer of the title of the true owner, or something that may be construed as tantamount to a surrender of the original possession, and a retaking under an independently asserted claim of right and title.  "If originally held and acquired in subordination to the title of the real owner [of the land], there must be, in order to constitute the continued possession adverse, a disclaimer of the title of him from whom the possession was acquired, and actual, hostile possession, of which he has notice, or which is so open and notorious as to raise the presumption of notice."  1 Am. & Eng. Ency. Law (2d Ed.) 798, and cases cited.

It is insisted in argument that the statute of limitations applies as a specific and independent defense to the action.  Without considering the sufficiency of the answer as setting up such plea, we think the twenty-first finding of fact of the trial court is controlling, and it is that Joseph H. Warren became 21 years of age on October 27, 1890, and that after he became of age he was continuously absent from the state of New York for 3 years.  It may be said that this is not a direct finding that Warren was a nonresident, but it is of his absence, and there was sufficient foundation for such finding.  Warren testified to the essential facts, viz., that he lived at Paterson, N. J., and had lived there 5 or 6 years, and that he left Paterson in 1893 or 1894, and that he resided there 6 years or more prior to leaving.  The running of the statute was suspended during the time of his continuous absence. Section 401, Code Civ. Proc.

It is unnecessary to consider other questions discussed.

The judgment appealed from should be affirmed, with costs.  All concur.