LOUIS F. EGGLER and Another, Respondents, v. THE NEW YORK
CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, November 14, 1923.

**Adverse possession — ejectment — property in question was conveyed to plaintiffs' predecessor in 1887 — shed extending onto lands of defendant was on property when conveyed — plaintiffs acquired title by devise — defendant, in 1920, tore down part of shed extending onto its land — plaintiffs did not fail to establish that original entry was hostile — fact that plaintiffs believed that rear of shed marked lot line is immaterial.**

Title by adverse possession to the land for which this action in ejectment is brought to recover is established by the evidence which shows that in 1887 a parcel of land was conveyed to plaintiffs' predecessor in title; that at that time a shed was standing on the land, a part of which extended fourteen feet onto the land in question, of which the defendant had the paper title; that plaintiffs' predecessor used the land as he would have done had the legal title rested in him; that he devised the entire parcel to the plaintiffs who entered into possession in 1895 and have continued in possession since that date, and that in 1920 the defendant tore down so much of the shed as it claimed encroached on its land and thereafter occupied the land as a part of its right of way.

The plaintiffs did not fail to establish that the original entry on the land in question was hostile, since the proof of the surrounding facts and circumstances consisting of the character and location of the building, the nature and manner of its use and occupation clearly permit, if they do not require, the inference of adverse, exclusive and hostile claim.

The contention by the defendant that there could have been no hostile intent on the part of the plaintiffs, since one of them testified that in occupying the property they assumed that the rear of the shed marked the lot line, is without merit.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 19th day of February, 1923, upon the verdict of a jury rendered in part by direction of the court, and also from an order entered in said clerk's office on the 25th day of April, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Locke, Babcock, Spratt & Hollister* [*J. E. Kelly* of counsel], for the appellant.

*Hamilton Ward* [*Julius A. Schreiber* of counsel], for the respondents.

CROUCH, J.:

By deed dated January 24, 1887, Patrick O'Toole and Mary O'Toole conveyed to Louis Eggler premises in the city of Buffalo described as being situate on the easterly side of East Market street, beginning seventy-five feet north of Fulton street, having a

frontage of twenty-five feet and running back sixty feet to the westerly line of outer lot No. 72.

On the premises described there stood a frame building to the rear of which had been added a one-story shed or shack, used for storage, toilet, back entranceway, etc., in connection with the main building. That shed was the full width of the lot and probably extended fourteen feet or thereabout over easterly on lands, the paper title to which may be assumed to have been in the defendant. How long that situation had existed before the conveyance to Eggler does not appear. Eggler entered upon the premises as he found them and used them as he would have done had the legal title rested in him. His possession and use was open, notorious and visible; it was continuous and uniform; peaceable, uninterrupted and exclusive, and in that way, as plaintiffs claim, adverse and hostile to the right of defendant.

Eggler died leaving a will which was admitted to probate November 26, 1895. He thereby devised all his real estate to his children, then alive or to be born. The plaintiffs are such children. Thereafter they continued in possession of said premises, not in person but through tenants to whom they leased. Their occupation was of the same character as their father's had been.

In November, 1920, the defendant tore down so much of the shed as it claimed encroached on its land, and occupied the land as part of its right of way.

Thereupon plaintiffs brought this action in ejectment. The trial judge held as matter of law that plaintiffs had proved title by adverse possession and submitted to the jury only the question of damages. The jury found for plaintiffs in the sum of $770.

The sole question raised on this appeal is the alleged failure of plaintiffs to prove that the original entry was hostile.

The argument is that the burden of proving all facts necessary to constitute adverse possession is upon the one who asserts it, and that in the absence of such proof possession is presumed to be in subordination to the true title.

A line of cases of which the most recent are *Hinkley* v. *State of New York* (234 N. Y. 309) and *Lewis* v. *New York & Harlem R. R. Co.* (162 id. 202) are cited in support of that contention. There can be no quarrel with the legal principle.

But in those cases it appeared that the original entry was by license, lease or permission of some sort by the owner of the legal title. The presumption there applied was really the presumption that because the first occupation was by permission the same character of occupation continued until the contrary should appear.

The answer to the contention here made is that there was no

absence of the requisite proof of hostility. On the contrary, the proof of the surrounding facts and circumstances consisting of the character and location of the building and the nature and manner of its use and occupation clearly permit, if they do not require, the inference of adverse, exclusive and hostile claim. (*Barnes* v. *Light*, 116 N. Y. 34; *Belotti* v. *Bickhardt*, 228 id. 296; *Quaratielli* v. *Sileo*, 188 App. Div. 998; affd., 232 N. Y. 529.)

In support of the main argument appellant calls attention to the testimony of one of the plaintiffs that in occupying the property they assumed they were within the line of outer lot 72, meaning that they understood the rear of the shed marked the lot line, as described in the deed to their father. Appellant claims that this shows plaintiffs were acting under a mistake as to the real location of the line and hence that there could have been no hostile intent to claim as their own the lands of defendant. This contention is without merit. (*Belotti* v. *Bickhardt, supra,* 302; Warvelle Ejectment, §§ 440, 441.)

The judgment and order appealed from should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.