FLORENCE BARNES SMITH, Appellant, *v.* DENNIS F. EGAN, Respondent.

Fourth Department, March 13, 1929.

*A. J. & F. A. Parker,* for the appellant.

*Leary & Leary* [*Perry E. Leary* of counsel], for the respondent.

PER CURIAM. We are of the opinion that even where the possession by A of the land of B is by mistake or through inadvertence, if A has possessed, used and improved the land as owners are accustomed to do (*Crary* v. *Goodman,* 22 N. Y. 170; *Barnes* v. *Light,* 116 id. 34; *Monnot* v. *Murphy,* 207 id. 240), or has, by the erection of a building, possessed it by actual visible physical occupation (*Belotti* v. *Bickhardt,* 228 N. Y. 529; *Quaratielli* v. *Sileo,* 188 App. Div. 998; affd., 232 N. Y. 529; *Eggler* v. *New York Central R. R. Co.,* 207 App. Div. 120), such possession, without anything

more, may be said to have been hostile and under claim of right. B is charged with notice by the visible physical fact alone.

That view of the law makes it necessary for us to consider the propriety of the ruling below on the admissibility of evidence to prove adverse possession. The little triangle of land covered by the encroaching portion of plaintiff's shed was not included within the description set up in the complaint. The plaintiff, therefore, did not plead ownership and possession thereof, either by conveyance or by adverse possession. Hence the evidence was inadmissible under the pleadings. A motion to strike it out, made at the close of the case, was reserved. The motion should have been granted. In brief, we think that the dismissal of the complaint was proper, but was placed upon the wrong grounds.

The judgment should be modified so as to provide that the dismissal of the complaint be without prejudice and as modified affirmed, without costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment modified so as to provide that the dismissal of the complaint is without prejudice and as modified affirmed, without costs of this appeal to either party.