HARTFORD N. GUNN et al., Constituting the Town Board of the Town of North Hempstead, Plaintiffs, *v.* IVAR BERGQUIST et al., Defendants.

Supreme Court, Special Term, Nassau County, November 8, 1951.

*Irwin R. Browner* for plaintiffs.

*Pierre Baert* for Russell Genner, defendant.

*Lewis J. Laurence* for Gerard Eastman and others, defendants.

COLDEN, J. This is a suit pursuant to article 15 of the Real Property Law to establish on behalf of the Town of North Hempstead its status as fee owner, and its right to the possession of certain lands described in paragraph 3 of the complaint, and to bar the defendants and each of them from any and all claim or interest therein.

The sole contesting defendant is Russell Genner. Judgment by default has been directed against all others. The plaintiffs concede that title to a certain portion of the real estate involved, described in the testimony and exhibits as " Parcel A " is validly in defendant Genner and hence the same will be excluded from the operation of any judgment to be entered herein. This leaves as the principal issue to be resolved the question of

whether this defendant or his predecessors have obtained title by adverse possession to another section of land abutting Parcel A to the west which has been identified in this litigation as " Parcel B ". The plaintiffs likewise concede the existence of certain riparian rights on the part of this defendant in and to the waters of Manhasset Bay arising out of his position as an owner of upland property (Parcel A). These rights will likewise be safeguarded in the ultimate decree.

A description of the geographical factors is essential to a solution of the problem. The western boundary of the defendant's record title, as set forth in paragraph 3 of his answer, is " the waters of Manhasset Bay at mean high water mark ". Everything below high-water mark was therefore reserved to the town as successor to the Sovereign through the Dongan Patent of 1686. (*Matter of Mayor of New York,* 182 N. Y. 361.)

What is now Parcel B was originally below high-water mark, land under water. It was later brought into existence by a filling operation. Subsequently still another piece was filled in to the west of Parcel B, referred to in this law suit as " Parcel C ".

The defendant claims record title through a chain extending back to the Andros Patent of 1677. He asserts title by adverse possession to the abutting Parcel B by reason of the maintenance of a bathhouse thereon by his predecessors from 1900 to 1925. Assuming that the bathhouse in question, a flimsy structure at best, complies with the statutory requirement that to support title by prescription the property must have been " improved " (Civ. Prac. Act, § 38, subd. 1; § 40), the affirmative defense must be overruled for another and more convincing reason. The law is clear that an effective adverse possession must be hostile. (*Doherty* v. *Matsell,* 119 N. Y. 646; *Belotti* v. *Bickhardt,* 228 N. Y. 296.)

The defendant, as riparian owner, had the right to exercise certain privileges with respect to Manhasset Bay, viz.: to maintain a dock or wharf, to land boats, to bathe in the adjacent waters and to avail himself of the beach. (*Town of Brookhaven* v. *Smith,* 188 N. Y. 74; *Hinkley* v. *State of New York,* 234 N. Y. 309, 317.)

The use of the small wooden structure in connection with bathing was not hostile to or in derogation of the town's title to land below the original high-water mark but superior thereto; it represented, in the opinion of this court, the lawful exercise of a riparian right.

It is to be further observed that tidal lands such as these which the town holds in a governmental capacity may not be alienated and hence may not be the subject of acquisition by adverse possession. This represents an additional ground upon which to rest the court's determination. (*Town of Brookhaven* v. *Dyett Sand-Lime Brick Co.*, 75 Misc. 310.)

In the case of *Marba Sea Bay Corp.* v. *Clinton St. Realty Corp.* (272 N. Y. 292), as in the instant situation, the lands in dispute were filled-in beach originally between high and low water marks. The following excerpt from the decision of the Court of Appeals in that case is of significance: " The grant of eleven miles of foreshore, being the entire ocean front of the borough of Queens, which grant is to a private person for neither commercial nor governmental purposes, is one not recognized by the law. Neither the King nor the State could grant away for private purposes so much of the public's rights in the lands under water. The matter was discussed in *Coxe* v. *State* (144 N. Y. 396, 406), where it was said: ' When the general doctrines of the English courts on this subject are given full scope, the conclusion is inevitable that the Parliament and the Crown together were not competent to grant to a private corporation, for private purposes, the seacoast around the island below the shore line, without violating established principles of law. (*Martin* v. *Waddell,* 16 Peters, 367.) While I am not aware of any such restriction to be found in the Constitution of this State, in terms, yet, from the very nature of the question, it must be deemed to be inherent in the title and power of disposition. The title which the State holds and the power of disposition is an incident and part of its sovereignty that cannot be surrendered, alienated or delegated, except for some public purpose, or some reasonable use which can fairly be said to be for the public benefit.' See the same point in *People* v. *New York & Staten Island Ferry Co.* (68 N. Y. 71); *Illinois Central R. R. Co.* v. *Illinois* (146 U. S. 387); also *People* v. *Steeplechase Park Co.* (218 N. Y. 459, 482). Grants to towns or other bodies endowed with local sovereignty form an exception to the rule. (*Martin* v. *Waddell,* 16 Pet. [U. S.] 367.) The grant, therefore, or patent given by Lieutenant-Governor Dongan to John Palmer in 1685, attempting to convey all this shore front or foreshore to low-water mark to the said John Palmer was contrary to the public policy and the law and, therefore, void." (P. 296.)

The defendant, Genner, has failed to establish title by adverse possession to the disputed parcel. Except for the modifications previously herein set forth, judgment is directed for the plaintiffs. No costs will be awarded.

The foregoing constitutes the decision of the court. Settle judgment on notice.