ANNA L. SCHOENFELD et al., Appellants, *v.* EVA CHAPMAN et al., Respondents, et al., Defendants.

Second Department, July 7, 1952.

*Lincoln G. Schmidt* for appellants.

No appearance for respondents.

*Per Curiam.* In an action brought pursuant to section 539 of the Real Property Law for an injunction directing the removal of certain structures encroaching on land alleged to be owned by plaintiffs, plaintiffs appeal from so much of the judgment as determines that respondents Robert Wood, Alfred Noble Chapman and Eva Chapman, and Anna Kellers hold title by adverse possession to the portions of the premises upon which their respective houses are erected, and dismisses the complaint as to them.

The learned trial court found, on the evidence adduced, that plaintiffs' chain of record title was valid and subsisting, overruled a defense of laches interposed by all defendants, and found that the evidence was insufficient to sustain a claim of title by adverse possession interposed by certain of them. The court further held that respondents had established their defense of title by adverse possession, and as to them dismissed the complaint. In our opinion the latter determination was correct as to respondents Anna Kellers and Robert Wood, but was

erroneous as to respondents Eva Chapman and Alfred Noble Chapman, who claimed title to the land upon which was erected a structure referred to in the evidence as house No. 6. As to this structure, the evidence established that it had been erected and had been maintained on plaintiffs' land for upwards of fifteen years. Further evidence was adduced, however, as to the circumstances under which these respondents entered upon and occupied the land which they claimed. Respondent Alfred Noble Chapman, when asked whether or not the occupants of the houses erected on plaintiffs' land claimed to own the land on which their houses were erected, stated that he did not know, but that it was the general opinion that anyone who wanted a house could go on the property and build one, and that nobody objected. When asked if he made any claim to any particular parcel or piece of land, he stated that he did not think that anyone could walk into the house and tell him to get off, but if someone did he would ask if such person owned the house. No one ever came to him and asked for rent. This evidence was insufficient to establish that the portion of the land occupied by the Chapmans was so occupied under a claim of title, but on the contrary required the conclusion that they made no such claim. The mere possession of land without any claim of right, no matter how long it may be continued, gives no title. (*Colvin v. Burnet,* 17 Wend. 564; *Doherty* v. *Matsell,* 119 N. Y. 646; *Belotti* v. *Bickhardt,* 228 N. Y. 296; *Ramapo Mfg. Co.* v. *Mapes,* 216 N. Y. 362; *Van Valkenburgh* v. *Lutz,* 304 N. Y. 95.)

As to the respondents Kellers and Wood, the only evidence in the record as to their title is that the houses occupied by them have been erected, occupied and maintained on the property for more than the statutory period. There is no testimony that they ever claimed by word of mouth that they owned the land on which their houses were erected, nor is there any evidence that they did not make such claim. Neither is there any evidence inconsistent with the finding by the trial court, implicit in the judgment, that the occupancy by these respondents was under a claim of title. In our opinion, the evidence adduced was sufficient to support the determination that they had sustained their defense of title by adverse possession. The actual possession and improvement of property, as owners are accustomed to possess and improve their estates, without any payment of rent, or recognition of title in another, or disavowal of title in himself, will, in the absence of other evidence, be sufficient to raise a presumption of an occupant's entry and holding as absolute owner, and, unless rebutted by other evidence, will

establish the fact of a claim of title. (*Barnes* v. *Light,* 116 N. Y. 34; *Monnot* v. *Murphy,* 207 N. Y. 240; *Smith* v. *Egan,* 225 App. Div. 586.)

The judgment should be modified on the law and the facts by striking from paragraphs numbered 1, 3, 5, 6, 7 and 8 thereof the names Alfred Noble Chapman and Eva Chapman, as the same appear therein, and by inserting in paragraphs numbered 9 and 10 of the judgment, after the name George Wittler, the names Eva Chapman and Alfred Noble Chapman. As so modified, the judgment should be affirmed, without costs.

Findings by the trial court, direct or implied, that respondents Eva and Alfred Noble Chapman entered upon and occupied the land upon which their house was erected under a claim of title, and all other findings specific or implied, inconsistent with the foregoing, should be reversed. New findings should be made that the evidence is insufficient to establish that respondents Eva and Alfred Noble Chapman entered upon or occupied any portion of the premises which are involved in this action under a claim of title, and that on the occasion of their entry upon such property and in their occupancy thereof, they did not claim title to any portion of such premises.

NOLAN, P. J., CARSWELL, JOHNSTON and MACCRATE, JJ., concur; ADEL, J., concurs for modification in respect of the respondents Chapman, but dissents in respect of the respondents Anna Kellers and Robert Wood and votes to further and similarly modify the judgment in respect of those respondents, with the following memorandum: As recognized by the opinion of the majority, no period of possession of real property will ripen into ownership where the possession does not concur with a claim of right; or, as often stated, the possession must be, at the very least, under "color of title." The majority hold, however, that the mere possession is itself proof, presumptively, of a claim of right; and thus they allow a single fact to serve the purpose of two essential facts in the doctrine of adverse possession. It is true that under certain circumstances a claim of right may be proved by certain affirmative acts (*Barnes* v. *Light,* 116 N. Y. 34; *Monnot* v. *Murphy,* 207 N. Y. 240; *Smith* v. *Egan,* 225 App. Div. 586); but mere evidence of possession never has been and should not now be held to establish that the possession was under claim of right. The cases do not authorize a finding of possession under a claim of right upon mere evidence of possession and nothing more, particularly where there is undisputed evidence of legal ownership. In the matter of

presumptions, I believe the sustained rule is that all presumptions operate in favor of the owner of the legal title and that none operates against him. But quite aside from interpretation of the cases, the evidence in the present case is irresistible that residents of a village felt free to and did construct summer shacks on a beach, sometimes from driftwood, without ever bothering to determine or even inquire into the ownership of the land. We should not destroy a duly established legal title on such facts, nor on an artificial presumption based on mere possession.

Judgment, insofar as appealed from, modified on the law and the facts in accordance with opinion and as so modified, affirmed, without costs.

Findings by the trial court, direct or implied, that respondents Eva and Alfred Noble Chapman entered upon and occupied the land upon which their house was erected under a claim of title, and all other findings specific or implied, inconsistent with the foregoing, are reversed. New findings are made that the evidence is insufficient to establish that respondents Eva and Alfred Noble Chapman entered upon or occupied any portion of the premises which are involved in this action under a claim of title, and that on the occasion of their entry upon such property and in their occupancy thereof, they did not claim title to any portion of such premises.