In the Matter of the Application of Raymond J. McDonough for Admission to the Bar.— Application for admission to the Bar denied upon the ground that the applicant has failed to furnish satisfactory proof that he is and has been an actual resident of the State of New York for not less than six months immediately preceding the making of such application for admission as required by paragraph (3) of subdivision (f) of rule 1 of the Rules of Civil Practice. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

Edward R. Carman et al., Respondents, v. Walter C. Hewitt et al., Appellants.— Action for a judgment declaring that certain streets situated in the Town of Huntington are private and to restrain use thereof by appellants and persons claiming under them. Judgment, entered after trial, modified on the law and the facts (1) by striking the third and fourth decretal paragraphs therefrom, and substituting in place thereof a paragraph as follows: " 3. That plaintiffs and defendants, and those claiming under them, are owners of the fee to their respective sides of North Avenue, to the center line thereof, subject to mutual use of the entire road, as said North Avenue is shown on a map of the Estate of H. C. S. Blanchard, filed in the Suffolk County Clerk's Office, September 6, 1892, file #79."; (2) by striking from the first further decretal paragraph the following: " the said part of North Avenue shown on said Map which lies east of the westerly line of the ' Travelled Road or User ' shown upon Plaintiffs' Exhibit 19 ", and by substituting in place thereof the following: " any part of North Avenue, as shown on said Map of Waterside Park, not shown as part of North Avenue on the said Blanchard map."; (3) by striking the second further decretal paragraph therefrom. As thus modified the judgment is unanimously affirmed, without costs. The findings and conclusions that appellants' predecessors abandoned their easement to North Avenue, as shown on the Blanchard Map, and that respondents acquired title to a strip on North Avenue lying west of the center line thereof, are reversed. All other findings and conclusions are affirmed. The long nonuser of the road, at a time when the abutting owner had no necessity for its use, does not establish an abandonment and extinguishment of the easement. Respondents' maintenance and use of the traveled portion of the roadway were consistent with their rights and not in violation of the rights of, nor calling for objection by, the abutting owner. Accordingly, there is no showing of hostile use as an element of adverse possession. Appellants' title and interest apply only to North Avenue as shown on the Blanchard Map, and not to the road as extended by respondents into their own land. As to the barrier demolished by appellants, the only proof is that it stood on their land. Present — Nolan, P. J., Adel, Wenzel and Schmidt, JJ.; Carswell, J., not voting.