Howard Lewis et al., Respondents-Appellants, v. Antonio Idones, Appellant-Respondent.— In an action to recover possession of real property and for damages for the withholding of same, defendant appeals from a judgment in favor of plaintiffs and dismissing his counterclaim. Plaintiffs appeal from so much of the judgment as adjudicates that they are not entitled to the "judgment of ejection prayed for in the complaint" and fails to direct damages in their favor. The action, instituted in 1949, is based upon an alleged encroachment of the northerly wall of defendant's building on the southerly portion of plaintiffs' property. Defendant's counterclaim for damages is predicated upon an alleged encroachment by the southerly wall of plaintiffs' building on the rear of defendant's premises. Judgment modified on the law and the facts by striking therefrom the first decretal paragraph, and the words following the word "merits" in the second decretal paragraph, and by adding a provision that the complaint is dismissed. As so modified, the judgment is unani-

mously affirmed, without costs. Defendant's building, the north wall of which was approximately 60 feet in length and encroached from 6½ inches to 9½ inches on plaintiffs' land, was erected about 1926 by the then owner of defendant's property. A mortgage on that property, "with the buildings and improvements thereon erected" was executed by such owner in 1928 and was foreclosed in 1940. Defendant obtained title to the premises in 1946 by deed from the purchaser at the foreclosure sale. In our opinion defendant's defenses founded upon adverse possession were sustained. The proof warrants findings that the strip claimed by plaintiffs was actually occupied by defendant and his predecessors in title for over twenty years, and that such possession was hostile and under a claim of right, open, exclusive and continuous. (*Belotti* v. *Bickhardt*, 228 N. Y. 296; *Schoenfeld* v. *Chapman*, 280 App. Div. 464.) The continuity of possession was not interrupted by the foreclosure action or the sale of the premises pursuant to the judgment therein. All that is necessary in order to make an adverse possession effectual for the statutory period by successive persons is that such possession be continued by an unbroken chain of privity between the adverse possessors; and privity may be established in many ways, as by lease, descent, conveyance, parol or otherwise. (*Belotti* v. *Bickhardt, supra.*) It may be found from the evidence that the referee's deed on the foreclosure sale, conveying the property as described in the mortgage, showed an intent not only to transfer the title to the lot described in the deed but also to transfer possession of the building as a whole and not merely that part of it which stood upon the lot to which defendant's predecessor had unmistakable title. (Cf. *Belotti* v. *Bickhardt, supra.*) On the record presented, it was sufficient, to create the privity requisite to enable the subsequent occupant to "tack" to his possession that of the prior occupant, that the possession of the prior occupant passed under the sale made pursuant to the decree of foreclosure. (Cf. *Memphis & L. R. R. Co.* v. *Organ*, 67 Ark. 84; *Lively* v. *Wick*, 122 Colo. 156.) The continuity of possession was not affected by the fact that defendant's predecessor in title may have been the tenant of the gasoline station on plaintiffs' property from 1928 to 1931, or that defendant may have been a tenant thereof in 1948. It was not intended that the lease of plaintiffs' property include the encroaching wall, and the relationship of landlord and tenant did not exist with respect thereto. (Cf. *Rabbermann* v. *Carroll*, 207 Ill. 253; *Sowa* v. *Schaefer*, 38 Ohio App. 522.) Section 41 of the Civil Practice Act, accordingly, has no application to the facts herein. The counterclaim was properly dismissed. The wall encroaching on defendant's property was erected about 1931 and plaintiffs have established adverse possession thereof for the statutory period. (*Belotti* v. *Bickhardt, supra; Schoenfeld* v. *Chapman, supra.*) Findings of fact in the decision of the trial court, insofar as they are inconsistent herewith, are reversed and new findings are made, as heretofore indicated. Present — Nolan, P. J., Johnston, Adel, Wenzel and Schmidt, JJ. Settle order on notice.