ANTHONY WYSOCKI, Respondent, *v.* HELEN KUGEL et al., Appellants, et al., Defendants.

Fourth Department, May 13, 1953.

*Larue Z. Brown* for respondent.

*Theodore J. Vogt* and *Leonard N. Lakser* for Helen Kugel and another, appellants.

*Elmer R. Weil, County Attorney* (*Maurice J. Rumizen* of counsel), for County of Erie, appellant.

TAYLOR, P. J. In October, 1948, respondent brought this action pursuant to article 15 of the Real Property Law to determine claims to several parcels of real property situated on the south side of Broadway in the town of Cheektowaga, Erie County, New York.

The property was formerly part of a farm owned and occupied by John Mack, which was divided into lots and streets, and a subdivision map thereof filed in Erie County Clerk's office on May 22, 1889. Lots 1 to 17 inclusive front on the south side of Broadway. Respondent's title to lots 15 and part of 16, which he acquired by deed from his parents in 1924, is not in issue. Lots 15 and part of 16 are vacant land. "Wallace Ave.", so designated on the subdivision map, is a projected or "paper" street which has never been dedicated, deeded or used as a street. It runs south from Broadway between lot 15 on the west and lot 14 on the east. A frame house, located on the north end of the bed of "Wallace Ave.", has been occupied by respondent since 1924 and by his parents since 1918, at which time they acquired title to lots 15 and part of 16. The house has stood in the same spot since about 1876 or earlier. Lot 14 adjoins "Wallace Ave." on the east and lot 13 is next. A large frame barn, said on the argument to have fallen down since the trial, was situated partly on "Wallace Ave." and partly on

lot 14. A frame shed, taken down in 1947 by appellant Kugel, was located " east of the house ".

Respondent claims title by adverse possession to the bed of the north end of " Wallace Ave." and to lots 13 and 14.

Appellant County of Erie claims an easement of ingress and egress to and from vacant lots owned by the county over the north end of " Wallace Ave.". In March, 1931, the county, owning unpaid taxes and tax sales certificates on about 320 unimproved lots in the subdivision, including lots 13 and 14 and some 100 lots abutting on " Wallace Ave.", commenced foreclosure proceedings against Carrie A. Pooley, then record owner of the property. Carrie A. Pooley died in March, 1932. Thereafter, on October 31, 1932, the heirs and devisees of Carrie A. Pooley conveyed these lots by lot number to the county by quitclaim deed, and the foreclosure proceedings were discontinued by the county. The county claims that several lots abutting on " Wallace Ave." are owned by persons who are not parties to this action, and who do not hold their titles through the County of Erie.

Appellant Kugel acquired record title to lots 9 through 14 by quitclaim deed from the County of Erie in 1946. Appellant Januszczak holds a mortgage on lots 9 through 14 given him by appellant Kugel.

The respondent has never cultivated the land on lots 13 or 14, nor has this property been inclosed, built upon or improved in any way by him.

The location of the frame shed used by respondent for the storage of coal and wood until it was taken down by appellant Kugel in 1947 is indefinite. It stood somewhere " east of the house ". Respondent testified that he " used " the barn, but how and for what purposes does not appear. Respondent offered no proof that he ever made any repairs to the barn or shed. The dilapidated condition of these buildings is indicative of use by a squatter or licensee rather than by an owner. This evidence we think is insufficient to sustain respondent's claim of title to lots 13 and 14 by adverse possession (see *Van Valkenburgh* v. *Lutz,* 304 N. Y. 95; *St. William's Church* v. *People,* 296 N. Y. 861; *Corning* v. *Troy Iron and Nail Factory,* 44 N. Y. 577; Civ. Prac. Act, §§ 39, 40) ; and respondent, therefore, is not entitled to money damages by reason of the razing of the shed.

We are also of the opinion that respondent failed to establish title by adverse possession to the north end of " Wallace Ave.".

By deed dated June 12, 1905, Carrie A. Pooley conveyed lots 15 and part of 16 to one Suwalski. The description of the property so conveyed reads as follows: " Beginning at the southwest corner of Broadway and Wallace Avenue as shown on map filed in Erie County Clerk's Office May 22, 1889; under cover 342; running thence southerly along the west line of Wallace Avenue 140.16 feet; thence westerly at right angles 60 feet; thence northerly parallel with Wallace Avenue, to the south line of Broadway; and thence easterly along the south line of Broadway to the place of beginning ".

In 1918 Suwalski conveyed to respondent's parents, who in turn conveyed to respondent using the same description.

" The rule of law is that when an owner of property sells lots in reference to a map, which lots abut upon a street as shown on the map, the grantees are entitled to have the land shown as a street left open forever as a street or highway and this is so whether or not it is accepted by the town or municipality as a public highway." (*Fiebelkorn* v. *Rogacki,* 280 App. Div. 20, 21, affd. 305 N. Y. 725.) This rule would apply to " Wallace Ave." Carrie A. Pooley recognized and adopted the filed map in her conveyance of lots 15 and part of 16 to Suwalski, respondent's predecessor in title, and that property can only be located by reference to the map. Respondent by the acceptance of his deed must be deemed to have knowledge of the location of " Wallace Ave." as shown upon the map, and the finding of the Referee that Carrie A. Pooley intended to convey to Suwalski the land occupied by the farmhouse and buildings but through mistake conveyed the plot on the west side of " Wallace Ave." would seem to rest on mere speculation. In our view of the evidence respondent and his predecessors in title have held mere possession of the bed of " Wallace Ave." with knowledge of and in subordination to the street easement. (*Matter of Village of Olean* v. *Steyner,* 135 N. Y. 341; see, also, *Cutting* v. *Burns,* 57 App. Div. 185, 189.)

The judgment should be reversed and the complaint dismissed, with costs.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings made.