Henry A. Hudson, J.
This is an action under article 15 of the Real Property Law which was tried before this court at an Equity Term held at Herkimer, New York, on March 11, 1955 without a jury. The action was brought for the purpose of determining title to a parcel of real estate consisting of an acre of land and school building.
The facts as established by the evidence are that Frank Windecker, by deed dated May 1, 1913 and recorded May 19, 1913 became the owner of a parcel o'f land in the town of Fair-field, Herkimer County, New York, consisting of approximately 205 acres. From the date of purchase to the date of the death of Frank Windecker, there is no recorded purchase of any portion of this property. In 1938, Windecker’s widow, Laura K. Windecker, individually and as executrix, conveyed to an adjacent owner a 20-acre portion which does not concern the court here. In 1945, Laura Windecker, individually and as executrix, conveyed the balance of the parcel in the 205-acre tract to the defendant, excepting the 20-acre portion. No mention was made of the one-acre corner parcel of the school site with which we are here concerned.
The defendant and her predecessors had not been in possession of the school site since the year 1915 nor had they in any way exercised any dominion over it. The defendant rests her case solely upon her record title. The plaintiffs purchased the school site in 1953 and went into possession thereof.
The evidence establishes that in 1915 Frank Windecker, the common grantor, sold to School District No. 9, of the Town of Fairfield, Herkimer County, New York this one-acre plot, that at that time the school building was located across the road and soon after the sale the schoolhouse was moved to its present location on the one-acre plot in question; that the purchase of this site was authorized at a school district meeting held in 1915 and attended by the witness, Patrick Kelleher, one of the then school trustees, and his wife; that a price of $250 was agreed upon as the purchase price at said meeting and that Frank Windecker later acknowledged to this witness the payment of this sum for the site; that the land so purchased was used exclusively thereafter by the school district until sold to the plaintiffs; that the premises were enclosed by a fence, the grass cut and the premises maintained by the school district. There is no record of a deed from Frank Windecker to the school district.
ct. ection 39 of the Civil Practice Act, defining premises deemed to have been held adversely is as follows: “Where there has been an actual continued occupation of premises under a claim *1031 of title, exclusive of any other right, but not founded upon a written instrument or a judgment or decree, the premises so actually occupied, and no others, are deemed to have been held adversely.”
Section 40, also applicable, reads as follows: “For the purpose o'f constituting an adverse possession by a person claiming title not founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases, and no others:
“ 1. Where it has been protected by a substantial inclosure.
“ 2. Where it has been usually cultivated or improved.”
There is no dispute but that from on or about the year 1915 or at the latest 1918, that the school district had exercised open, continuous, exclusive and uninterrupted use of the premises until August 26, 1953 when the school district by deed of such date conveyed the property to plaintiffs who went into immediate possession thereof. Plaintiffs have, therefore, been in possession of the premises under color of said deed since that date. As was stated by Justice Kimball in Tenpas v. Uhl (276 App. Div. 641, 642), a case directly in point: “ Whatever may have been the situation in 1909, the evidence is conclusive that from that time, the school district held the school site adversely and every element of adverse possession was amply established by the defendant” (citing Belotti v. Bickhardt, 228 N. Y. 296). There was never any objection to the known occupation, enclosing or maintenance of the property by defendant. She has not contradicted or explained the facts as presented by plaintiffs’ evidence nor has she adduced by any testimony evidence that she ever claimed she owned the land or that there was anything inconsistent with the expressed position of the school authorities before or after the death of the common grantor, Windecker, that the occupancy was under a claim of title.
“ ‘ Claim of title may be made by acts alone quite as effectively as by the most emphatic assertions.’ ” (Platt v. Smith, 127 N. Y. S. 2d 66; Barnes v. Light, 116 N. Y. 34, 39; Smith v. Egan, 225 App. Div. 586.)
This action is brought under article 15 of the Real Property Law for a declaratory judgment. While the complaint does not specifically allege that the basis of title of the plaintiffs’ predecessor in title, West Canada Valley Central School District No. 2; Herkimer County, New York, depended upon the adverse possession by such school district of the premises in question for school purposes for the required statutory period, the answer interposed by defendant requests affirmative relief, *1032 namely, that the defendant he adjudged the owner in fee of the premises in question and that possession of the premises be delivered to the defendant, who seeks to recover damages for the withholding of the possession thereof.
I do not have the testimony taken upon the trial before me and I am not certain whether a motion was made by the plaintiffs to amend their complaint to set up adverse possession on the part of their predecessor in title or to conform to their proof. Such a motion would have been granted if made and may be deemed to have been made and granted for the purposes of this decision. Section 504 of the Real Property Law provides that a defendant may either merely deny the material allegations of the complaint or may set forth'facts showing that he has an estate or interest in the property and demand any judgment to enforce in any manner the interest which he asserts in the property. The defendant in this case seems to have adopted the latter course and the pleadings seem to me to raise a direct issue of fact as to which party’s deed effectively conveyed title of the property.
A defendant to succeed must depend upon the strength of his own title and not on the weakness of plaintiff’s title. (Smith v. Dayton, 253 App. Div. 899; Merritt v. Smith, 50 App. Div. 349, wherein it was stated, at page 353: ‘‘ But where an issue of fact is joined, unless the defendant merely demands that the complaint be dismissed, if he claims an estate in the property, the subsequent proceedings, including the trial, judgment and execution, are the same as if it were an action of ejectment. * * * It was for the defendants to establish their title as in an ejectment suit in which they were plaintiffs.” In George v. People, 267 App. Div. 575, at page 577: “ The adverse claimant out of possession cannot prevail merely by showing the weakness of plaintiff’s title. He can do so only on the strength of his own title as in an action of ejectment brought by him. If he does not plead and prove good title, he may procure dismissal of the complaint only if plaintiff fails to establish possession for the requisite statutory period under claim of title.”)
In reference to the plaintiffs’ right to amend their complaint to set out adverse possession, I believe there is ample authority for granting such privilege. From the pleadings it is obvious that the parties were well aware of the respective claims of each to title to the property. In this connection, in the case of Harriss v. Tams (258 N. Y. 229) Judge Lehman states, at pages 239-240: “Amendment of a complaint is a procedural step in bringing a dispute before the court for arbitrament. *1033 Where the parties to the dispute are before the court, the court is not required to dismiss them from its presence because the issues in that dispute have not been formulated by the pleading. The court may by amendment mould the pleadings to formulate such issues and a defendant may not complain so long as he receives notice and opportunity to defend. Forms of pleading and procedure were originally devised as an aid to the administration of justice. They defeat their purpose when they result in an inflexible formalism. Each extension of the power to amend pleadings results in greater flexibility in the administration of justice. When that power shall be exercised rests in the discretion of the court.”
In my opinion the plaintiffs have clearly established that the school district, their predecessor in title, had acquired title to the premises in question by adverse possession. See sections 37-41, inclusive, of the Civil Practice Act; Cameron Estates v. Deering (115 N. Y. S. 2d 687, mod. 281 App. Div. 985); Platt v. Smith (127 N. Y. S. 2d 66, 67-68, supra) wherein Justice Gorman states: “When the defendant, or the one claiming the right to title by adverse possession, shows open, continuous, uninterrupted, exclusive possession, accompanied by the usual acts of ownership, for the statutory period with the acquiescence of the owner of the legal title, he has carried his initial burden, and a presumption arises that the possession was adverse. The burden of adducing evidence contrary to that presumption is then cast upon the opposing party.” The defendant has shown nothing other than the mere existence of a naked title to the premises. She offered no proof other than documentary exhibits. She has conceded, under the relief requested in her answer, possession in the plaintiffs or their predecessor in title. Under all of these circumstances, I am satisfied that the plaintiffs have established that the title obtained by them under the deed 'from the West Canada Valley Central School District No. 2, Herkimer County, New York, et al., to them, dated August 26, 1953 and recorded in the Herkimer County Clerk’s office on September 2, 1953 in book 470 of Deeds, at page 565, conveyed to them a good and sufficient title in fee simple and that they are entitled to the possession of said premises by reason thereof. Judgment is so directed, with costs to the plaintiffs.
There were certain motions made by the defendant during the course of the trial and at the close thereof for the dismissal of the plaintiffs’ complaint upon which the court reserved decision. Those motions are denied.