■ RUSY-BOHM POST No. 411, AMERICAN LEGION, INC., OF ISLIP, SUFFOLK COUNTY, Respondent, v. ISLIP ENTERPRISES, INC., Appellant.— Action to restrain trespassing upon certain real property and interference with the use thereof, and to restrain interference with a right of way over said property and the use thereof, and for other relief. The appeal is from a judgment entered after trial before an Official Referee, to whom the action was referred to hear and determine, decreeing that respondent is the owner of the land in fee simple and entitled to possession thereof, and directing appellant to remove a fence erected by it on said property and to restore a driveway and plantings thereon. The real property involved is a strip of land approximately 30 feet wide and 125 feet deep immediately south of respondent's building. Appellant

is the record owner of said property the title to which respondent claims by adverse possession or the use to which respondent claims by prescription. Respondent has constructed a driveway on said property which it has used for ingress to, and egress from, property in back of its building. A counterclaim was interposed to enjoin respondent from interfering with appellant's use of the property. Judgment reversed on the law and the facts, with costs, complaint dismissed, and judgment directed in favor of appellant for the relief prayed for in its counterclaim, with costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings will be made as indicated herein. The user contemplated by section 40 of the Civil Practice Act is that type of user which an owner would ordinarily make of the property. Any other user would not constitute notice of a hostile claim of title (cf. *Shinnecock Hills & Peconic Bay Realty Co.* v. *Aldrich,* 132 App. Div. 118, affd. 200 N. Y. 533). To constitute a proper basis for adverse possession, the user must be inconsistent with the rights of the record owner, and must call for outright objection (*Carman* v. *Hewitt,* 280 App. Div. 866, affd. 305 N. Y. 718). Upon the proof here adduced it is our opinion that respondent failed to establish that its entry upon the property or its occupation of the property was based upon a claim of right or title, in hostility to appellant as the record owner. Nor did respondent establish that its possession was exclusive. Under such circumstances, there may be no acquisition of title by adverse possession (*Van Valkenburgh* v. *Lutz,* 304 N. Y. 95; *Wysocki* v. *Kugel,* 282 App. Div. 112, affd. 307 N. Y. 653; *Schoenfeld* v. *Chapman,* 280 App. Div. 464, motion to dismiss appeal granted 305 N. Y. 698). Respondent also failed to establish any prescriptive rights (*Scallon* v. *Manhattan Ry. Co.,* 185 N. Y. 359; *Van Overbeek* v. *Batsleer,* 191 N. Y. S. 49, and cases there cited). In our opinion the weight of the evidence supports findings of fact contrary to those implicit in the decision of the learned Official Referee, *inter alia,* that respondent entered upon and occupied the land, which is the subject of this action, in hostility to appellant as the record owner and under a claim of title or of right, that respondent's possession was exclusive and that respondent usually cultivated or improved the land, within the meaning and intent of section 40 of the Civil Practice Act. Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Respondent had actual possession and improved the strip of land in question, without payment of rent or recognition of title in appellant. Nor did respondent ever disavow title in itself. Under such circumstances, there was sufficient to raise a presumption of respondent's entry upon and holding of the strip as absolute owner, which was not rebutted by other evidence. Respondent's claim of title was thereby established. (*Schoenfeld* v. *Chapman,* 280 App. Div. 464, motion to dismiss appeal granted 305 N. Y. 698.) In my opinion there was sufficient evidence to support the findings of fact made by the Official Referee. Settle order on notice.