## (December 10, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE JEMZURA, Appellant.— Motion denied and appeal transferred to Chenango County Court (N. Y. Const., art. VI, § 5, subd. b). Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur.

## (December 11, 1969)

■ ELMER M. RASMUSSEN et al., Respondents-Appellants, v. HELEN E. SGRITTA et al., Appellants-Respondents.— REYNOLDS, J. Appeal and cross appeal from a judgment of the Supreme Court, Rensselaer County, entered upon a decision of a Referee holding that plaintiffs had a prescriptive easement over a strip of land 42 inches wide by 80 feet 2 ½ inches long owned by the defendants. The litigants are adjacent property owners on Seventh Avenue in the City of Troy. While the actual boundary line between the properties was 13 ½ inches to the south of plaintiff's house, over 66 years ago a stoop and sidewalk were constructed, the stoop extending for another 13 ½ inches on to defendants' property and the sidewalk consuming an additional 28 ½ inches wide and 80 feet 2 ½ inches long. In October of 1959 the defendants erected a fence which prevented ingress and egress by means of the sidewalk and stoop and the plaintiffs forthwith brought the instant action alleging two causes of action; one based on adverse possession, and the other on an easement by prescription. A prescriptive easement has been found, and we see no reason advanced to disturb this determination. The principles of adverse possession and prescription are well settled (e.g., *Belotti* v. *Bickhardt,* 228 N. Y. 296; *Doherty* v. *Matsell,* 119 N. Y. 646; *Bresler* v. *Brunt,* 14 A D 2d 650), and the instant case presents only questions of fact which depend upon the credibility of the witnesses and the weighing of conflicting testimony. And this is so even as to the element of continuity of possession and particularly the question of "tacking". New York does not require that the subject property be expressly described in a deed or other instrument of conveyance (*Belotti* v. *Bickhardt, supra; Millious* v. *Board of Educ. of Newark Val. Cent. School,* 13 Misc 2d 944). All that is required is privity between the claimants and their predecessors and this may be shown by deed, parol, or otherwise (*Lewis* v. *Indones,* 280 App. Div. 980). In our opinion the trial court on the evidence in the instant record could find that the plaintiffs or their predecessors openly and notoriously, hostilely, exclusively, continuously and uninterruptedly used the property in question for more than the necessary period to spell out a prescriptive easement. We cannot, however, find that the trial court was required to find that plaintiffs established a claim of ownership by adverse possession as opposed to a prescriptive easement. While adverse possession and an easement by prescription depend upon the same elements (*Di Leo* v. *Pecksto Holding Corp.,* 304 N. Y. 505), they differ fundamentally in that one is based on a claim of possession and the other on a claim of use (*Scallon* v. *Manhattan Ry. Co.,* 185 N. Y. 359). The instant stoop and sidewalk were put in when both properties were owned by a common owner, and the trial court could find that while the plaintiffs' and their predecessors' activities with respect thereto were sufficient to give notice of a claim of use, they were not on the instant record sufficient to give notice of a claim of possession. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.