■ 61 ASSOCIATES, Respondent, v 425 FIFTH AVENUE REALTY ASSOCIATES, L.P., et al., Respondents. YESHIVA UNIVERSITY, Nonparty Appellant. [615 NYS2d 687] —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered May 13, 1993, which, *inter alia,* directed the receiver to transfer the balance remaining in her account, the sum of $256,486.22 to plaintiff 61 Associates, unanimously reversed, insofar as appealed from, on the law, and the receiver is directed to transfer that sum to nonparty appellant Yeshiva University, with costs and disbursements.

It is undisputed that, pursuant to Article 22 of the lease between Yeshiva University, as landlord, and 425 Fifth Avenue Realty Associates, as tenant, Yeshiva terminated the lease, effective November 6, 1991. Since a leasehold mortgage has no duration beyond the term of the lease *(Miller v Warren,* 94 App Div 192, 193-194, *affd* 182 NY 539; *see also,* 77 NY Jur 2d, Mortgages, § 151), at that point 61 Associates' leasehold mortgage ceased to exist, and all the rights and interests 61 Associates was entitled to thereunder, including any entitlement it may have had to the rents collected by the receiver, were extinguished.

The receiver did not take possession of the premises and begin collecting rents until after Yeshiva's termination of the lease. Since 61 Associates no longer had any interest in the premises at that time, it was not entitled to any of the receivership funds. Rather, Yeshiva, as the owner of the property, has the only right to the collected and accrued rents *(see, Matter of Pinnock,* 83 Misc 2d 233, 238-239; *see also,* 74 NY Jur 2d, Landlord and Tenant, § 334). Concur—Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.