■ City of New York, Respondent-Appellant, v Sarnelli Bros., Inc., et al., Appellants-Respondents. [720 NYS2d 555] —In an action pursuant to RPAPL article 15, *inter alia,* to determine claims to real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), entered September 30, 1999, as granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action for ejectment and denied that branch of their cross motion pursuant to CPLR 3211 which was to dismiss the complaint based on their adverse possession of the subject property, and the plaintiff cross-appeals, as limited by its brief, from so much of the same

order as denied that branch of its motion which was for summary judgment on its second cause of action to recover damages based on the defendants' reasonable use and occupancy of the subject property.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, City of New York, is the owner of a parcel of property in Staten Island identified on the Richmond County Tax Map as Block 1815, Lot 300 (hereinafter the subject property). The defendant Sarnelli Bros., Inc. (hereinafter Sarnelli) operates a demolition and scrap metal business on adjacent property. In 1988, pursuant to a study being conducted to determine the suitability of the area for development as an industrial park, the plaintiff discovered that Sarnelli's operation was encroaching onto the subject property. On July 28, 1988, Sarnelli was served with a 30-day notice to vacate. By letter dated August 8, 1988, Sarnelli noted that, if the area could not be developed as proposed "because of the wetlands," it wished to purchase the subject property. As a "temporary solution to [the] problem," Sarnelli proposed that the parties enter into a lease for the property. By lease application dated August 8, 1988, Sarnelli represented that it had occupied the subject property since January 1987. Although the lease was never signed by the parties, Sarnelli paid the plaintiff $20,000 for use of the subject property. In August 1996, when the matter was not resolved, the plaintiff commenced this action seeking ejectment and damages arising from allegations that Sarnelli had illegally filled in portions of the subject property which, in significant part, was wetlands, with debris and waste. In their answer, the defendants alleged, *inter alia*, that they obtained title to the subject property by adverse possession. The plaintiff thereafter moved for summary judgment on its causes of action for ejectment and to recover damages for the reasonable use and occupancy of the subject property. The defendants cross-moved to dismiss the complaint, *inter alia*, based on their adverse possession of the subject property.

As a threshold matter, lands held by a municipality in its governmental capacity may not be lost by adverse possession (*see, City of New York v Wilson & Co.,* 278 NY 86; *Casini v Sea Gate Assn.,* 262 AD2d 593; *Matter of City of New York [Mileau Corp.],* 72 AD2d 745). The plaintiff held the property in its governmental capacity for a period sufficient to defeat any assertion by the defendants that they had acquired title by adverse possession (*see, Gunn v Bergquist,* 201 Misc 992). Even if, as argued by the defendants, the plaintiff held the subject

property in its proprietary capacity once it contemplated its sale or use in the late 1980's, Sarnelli's recognition of the plaintiff's ownership of the property in 1988 precludes any assertion by the defendants that they adversely possessed the property for the requisite ten-year statutory period (*see, Van Gorder v Masterplanned, Inc.,* 78 NY2d 1106; *Manhattan School of Music v Solow,* 175 AD2d 106). In any event, given Sarnelli's representation in the 1988 lease application that it had been occupying the subject property only since 1987, the conclusory claim made in two substantially identical 1999 affidavits, submitted in opposition to the plaintiff's motion for summary judgment, that Sarnelli had been "in continuous occupancy and possession of the land in questions [*sic*] since, at least 1968," is insufficient to raise a triable issue of fact as to whether the defendants obtained title to the subject property by adverse possession (*see, Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d 154; *Brand v Prince,* 35 NY2d 634; *Belotti v Bickhardt,* 228 NY 296; *MAG Assocs. v SDR Realty,* 247 AD2d 516).

However, the Supreme Court correctly denied that branch of the plaintiff's motion which was for summary judgment on its second cause of action to recover $166,500 per year from Sarnelli for use and possession of the subject property. This figure was derived by calculating the rate of return based on a comparative analysis of the sale of six large industrially-zoned properties on the western shore of Staten Island. However, as noted, the subject property is, in significant part, wetlands, and not suitable for industrial use. The plaintiff is seeking to compel Sarnelli to return the subject property to its original state and has made representations that, at the conclusion of this litigation, the property will be turned over to the jurisdiction of the Parks Department to be maintained as park land. Further, the plaintiff did not refute Sarnelli's representation that the subject property was prone to tidal flooding between September and March, and was only suitable for limited use for a portion of each year. Thus, the plaintiff failed to establish prima facie that it was entitled to judgment as a matter of law on its second cause of action. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.