■ KARL KURTEN et al., Respondents, v R. D. WERNER CO., INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant R. D. Werner Co., Inc. (hereinafter Werner) appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 1, 1987, which denied its motion for summary judgment dismissing the complaint against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed as against the appellant.

The plaintiff Karl Kurten was allegedly injured when he fell from a ladder while working on the premises of his employer, the defendant Sylvan Equipment Corp. (hereinafter Sylvan). The plaintiff's fall was allegedly precipitated when the feet of the ladder slipped. This action was commenced against the manufacturer of the ladder, the defendant Werner, asserting claims to recover damages for negligence in the manufacture and design of the subject ladder and strict products liability. A cause of action was also asserted against Sylvan based upon its tortious conduct in altering the subject ladder in violation of a court order. The complaint alleged that Sylvan cut off the feet of the subject ladder and, thereby, "harmed plaintiff's case against the manufacturer of this defective ladder, possibly fatally". The plaintiffs' motion to strike Sylvan's affirmative defense raising the bar of workers' compensation was granted on the ground that the Workers' Compensation Law was inapplicable to the claim that Sylvan's conduct had impaired their action against Werner. The supporting affirmation of the plaintiffs' attorney stated that Sylvan's conduct "[had] fatally damaged" the plaintiffs' case against Werner.

Werner moved for summary judgment relying principally upon the plaintiffs' counsel's judicial admission that the alteration of the subject ladder precluded him from establishing a prima facie case of negligence against it. We find that the defendant Werner's moving papers, when read in conjunction with the annexed exhibits, sufficiently established its entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325; *Olan v Farrell Lines,* 64 NY2d 1092; *Zuckerman v City of New York,* 49 NY2d 557, 563). The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact in regard to their claim that Werner was negligent in the manufacture and design of the ladder *(Zuckerman v City of New York, supra).* The plaintiffs' sole submission was the affirmation of their attorney which did not refute his prior admission that the alteration of the ladder was fatal to the plaintiffs' negligence claim against Werner and asked for a severance of the claim against Werner from the claim against Sylvan. This affirmation did not supply the necessary evidentiary showing or raise any triable issue to successfully resist the summary judgment motion. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.