■ ALBERT SOUKUP et al., Appellants, v ROSEMARY NARDONE, Respondent. [623 NYS2d 259] —In an action, *inter alia,* for

a judgment declaring that the plaintiffs are the lawful owners, by adverse possession, of a certain triangular parcel of real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated October 1, 1993, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment. The appeal brings up for review so much of an order of the same court, dated March 29, 1994, as, upon reargument and renewal, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated October 1, 1993, is dismissed, as that order was superseded by the order dated March 29, 1994, made upon reargument and renewal; and it is further,

Ordered that the order dated March 29, 1994, is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Dutchess County, for entry of a judgment in the defendant's favor, declaring that she is the owner of the property in question; and it is further,

Ordered that the defendant is awarded one bill of costs.

In 1946, the parents of the plaintiff Albert Soukup purchased a farm of approximately 118 acres from Albert and Alice Senk. The deed from the Senks used as a reference point a "highway leading from Chestnut Ridge to Dover Plains", and explicitly provided that the parcel in question, described as "so much thereof as was conveyed by Valentine H. Hallock and wife to Judd Murphy by deed dated May 8, 1861 and recorded in the Dutchess County Clerk's Office in Liber 122 of Deeds at page 248, containing 2½ acres more or less" was *not* included in the conveyance. The 1861 deed to Judd Murphy described the excluded parcel as lying on "the east-side of the highway", which is described in subsequent deeds by its current name, Chestnut Ridge Road.

In 1946, the triangular parcel in question was already enclosed on the west along Chestnut Ridge Road by a wire fence which extended along the north corner and east side of the property. The plaintiff Albert Soukup alleges that he and his father continued to maintain the fence. He also asserts that "[i]n approximately 1962 my father used the triangular parcel strictly for the pasturing of his heifers * * * and * * * built a pole barn at the northern-most corner of the triangular parcel * * * to protect the heifers from inclement weather".

In 1971, the plaintiff Albert Soukup and his wife entered into a contract with his parents to purchase the farm, with the purchase price payable in annual installments. The contract, signed by both plaintiffs and both parents of Albert Soukup, reiterated that the farm did not include "so much thereof as was conveyed by Valentine H. Hallock and wife to Judd Murphy, by deed dated May 8, 1861, and recorded in the Dutchess County Clerk's Office in Liber 122 of Deeds at page 248, containing 2½ acres more or less".

In 1981, the parents of the plaintiff Albert Soukup conveyed the farm to the plaintiffs. The deed contained that very same language, excluding the parcel in question from the conveyance. The plaintiff Albert Soukup asserts that "[s]ince 1981 I have applied for and received an agricultural exemption including the triangular parcel as part of the Farm". However, when the triangular parcel was first placed on the tax rolls in 1984, the *defendant* was billed for and paid the taxes continuously thereafter.

The plaintiff Albert Soukup acknowledges that he ceased grazing heifers on the triangular parcel in 1987, but asserts that since 1987, he has "allowed [his] beef cattle to use the triangular parcel for pasture".

In October 1992 the plaintiff commenced the instant action against the defendant, who has held title to the property since 1940, pursuant to an unbroken chain of title dating back to the 1861 deed to her great-great grandfather, Judd Murphy. The plaintiffs moved for summary judgment and the defendant cross-moved for summary judgment. The court held in favor of the defendant, on the ground that "[e]xplicit language in both plaintiffs' deed and the deed of their predecessors in title constitutes an acknowledgment that actual ownership of the property rests with defendant", citing *Van Gorder v Masterplanned, Inc.* (78 NY2d 1106).

The record presents serious questions as to the nature and extent of the plaintiffs' purported possession of the parcel in question. However, these questions need not be addressed, since it is clear that the plaintiffs' purported possession was never under a claim of right. "The mere possession of land without any claim of right, no matter how long it may be continued, gives no title" *(Schoenfeld v Chapman,* 280 App Div 464, 466; *see, Lewis v Village of Lyons,* 54 AD2d 488; *Stauffer Chem. Co. v Costantini,* 38 AD2d 863). An admission prior to the vesting of title by adverse possession "that title resided in another would destroy hostility" *(City of Tona-*

*wanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 123; *see, Van Gorder v Masterplanned, Inc., supra).* In the instant case, the record contains three acknowledgments that title to the triangular parcel in question "resided in another", to wit, Judd Murphy and his heirs: the 1946 deed, the 1971 contract, and the 1981 deed. The exception in all three of these documents explicitly states the approximate size of the parcel (two and one-half acres), and one can easily ascertain from the 1861 deed and the deeds to the farm that the parcel lay on the east side of "the highway" now known as Chestnut Ridge Road.

Accordingly, the Supreme Court, Dutchess County, properly granted summary judgment to the defendant. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.