■ MAG ASSOCIATES, INC., Appellant, v SDR REALTY, INC., Respondent. [669 NYS2d 314] —In an action, *inter alia,* seeking a judgment declaring that the plaintiff is the owner of certain real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered August 8, 1996, which denied its motion for summary judgment and, upon searching the record pursuant to CPLR 3212 (b), granted summary judgment to the defendant, declaring it to be the owner of the subject property.

Ordered that the order is modified by deleting the provision thereof which, upon searching the record, granted summary judgment to the defendant, declaring it to be the owner of the subject property; as so modified, the order is affirmed, without costs or disbursements.

On July 21, 1994, the defendant SDR Realty, Inc. (hereinafter SDR), purchased certain real property located in Yonkers, N. Y., from Cross County Steel & Rock Bit Co. (hereinafter Cross County), the rear portion of which abutted the land which is the subject of this action. SDR alleged that from as early as 1949 until its purchase in 1994, its predecessors in interest had occupied the subject property. In particular, the predecessors of SDR had erected a chain-link fence around the entire property, and constructed several buildings on it. The property, however, was actually part of a railroad right-of-way, known as the Carpet Shop Spur, which had been purchased by the plaintiff MAG Associates, Inc. (hereinafter MAG), in 1993, after being abandoned by Consolidated Rail Corporation the same year.

In 1994 MAG conducted a survey of the spur and determined that SDR and several other adjoining landowners were encroaching. After SDR refused to purchase the subject parcel, MAG commenced the instant action. In opposition, SDR submitted an affidavit of the treasurer of Cross County which asserted that in accordance with its interpretation of the deed, Cross County had "always occupied and used [the subject parcel] understanding the property was owned by [it]". Attached as an exhibit was a 1953 map which depicted the boundaries of Cross County's (now SDR's) property in relation to the subject property, as well as to the adjoining lots and river. On the basis of the foregoing, the Supreme Court searched the record and granted summary judgment to SDR.

We conclude that summary judgment was improperly granted.

The law of adverse possession is well settled. An effective claim of adverse possession has five elements: "First, the possession must be hostile and under a claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and fifth, it must be continuous" (*Belotti v Bickhardt*, 228 NY 296, 302; *see also*, RPAPL 511; *Brand v Prince*, 35 NY2d 634; *Weinstein Enters. v Pesso*, 231 AD2d 516; *Armour v Marino*, 140 AD2d 752). Further, these elements must be established by clear and convincing evidence (*see, Van Valkenburgh v Lutz*, 304 NY 95; *Belotti v Bickhardt, supra; Rusoff v Engel*, 89 AD2d 587).

While it is true that an inference of hostile possession or claim of right will be drawn when the other elements of adverse possession are established (*see, Sinicropi v Town of Indian Lake*, 148 AD2d 799; *Weil v Snyder*, 25 AD2d 605), an admission by the party in possession prior to the vesting of title that title belongs to another, will destroy the element of hostile possession (*see, Soukup v Nardone*, 212 AD2d 772). Furthermore, " '[t]he mere possession of land without any claim of right, no matter how long it may be continued, gives no title' " (*Soukup v Nardone, supra*, at 774, quoting *Schoenfeld v Chapman*, 280 App Div 464, 466; *Lewis v Village of Lyons*, 54 AD2d 488).

At bar, although SDR established four of the elements of adverse possession by clear and convincing evidence, a question of fact remains as to whether it possessed the property under a claim of right. SDR's claim of right to the subject property is based on the claim of its immediate predecessor in interest, Cross County. Standing in direct contradiction to both the affidavit of the treasurer of Cross County and the assertion that the subject property was occupied under a mistaken inter-

pretation of the deed, is the 1953 map submitted by SDR in opposition to the motion by MAG. The map clearly depicts that the subject property is excluded from the property then owned by Cross County. Given the fact that the map was drawn before the end of the applicable limitations period, which was 15 years at the time (former Civ Prac Act § 34; *see,* CPLR 212; *Tarrytown v Woodland Lake Estates,* 97 AD2d 338), a triable issue of fact exists (*see, Van Gorder v Masterplanned, Inc.,* 78 NY2d 1106; *Lewis v Village of Lyons, supra; compare, Woodrow v Sisson,* 154 AD2d 829).

The parties' remaining contentions are without merit. Santucci, Joy and Altman, JJ., concur.

O'Brien, J. P., dissents and votes to affirm the order appealed from, with the following memorandum: In my view, the defendant conclusively established its claim of adverse possession. Therefore a trial is unnecessary, and the Supreme Court's order should be affirmed.

The present controversy arose because the Saw Mill River, which was relied upon as a natural boundary in the relevant deeds, changed course. The river, also known as the Nepperhan River, historically formed the boundary between property now owned by the defendant SDR Realty, Inc. (hereinafter SDR) in Yonkers and a railroad right-of-way. Although there is no conclusive evidence in the record as to when the river changed course, a map made in 1897 shows that the river formerly curved westward along the border of the SDR property before continuing in its general north-south direction. From the early 1900s, a railroad right-of-way has existed along the east side of the river, opposite the SDR property. Eventually, the river's course straightened, eliminating the curve. Although the boundary of the railroad's right-of-way still followed the river's historic course, the river was actually located further east, and approximately 9,000 square feet of the right-of-way became contiguous with the SDR property.

In 1993 the Consolidated Rail Corp. (hereinafter Conrail) sold the right-of-way along the Saw Mill River to the plaintiff MAG Associates, Inc. (hereinafter MAG). MAG's deed included a provision holding Conrail harmless if any adverse possession claims were upheld. Thereafter, MAG obtained a survey which showed the historical boundary of the right-of-way, and MAG determined that SDR was trespassing on its property. After SDR refused to purchase the disputed property, MAG commenced this action, *inter alia,* to recover possession. SDR contends that it is entitled to ownership by adverse possession.

In order to establish title by adverse possession, SDR must

demonstrate, by clear and convincing evidence, that for a period of 10 years its possession was actual, open and notorious, exclusive, continuous, hostile, and under a claim of right (*see, Brand v Prince,* 35 NY2d 634; *Belotti v Bickhardt,* 228 NY 296, 302; *see also,* RPAPL 522). Since SDR did not purchase the property until 1994, it may establish its claim by tacking on the adverse possession of its predecessor in title (*see, Brand v Prince, supra; Garrett v Holcomb,* 215 AD2d 884).

SDR's predecessor in title was Cross County Steel & Rock Bit Co., Inc. (hereinafter Cross County), which purchased the property in 1949 and owned it continuously until its sale to SDR in 1994. Although the metes and bounds description of the property in Cross County's deed was based on the river's course as shown on the 1897 map, the deed also used the "center line" of the river as a boundary. According to the uncontradicted statements of Cross County's treasurer, Walter Thalman, in 1949 the river was essentially in its present position, except for a five-foot course change in the early 1970's which was part of a U.S. Army Corps of Engineers flood control plan. In other words, in 1949, if the center line of the river was considered the boundary line of Cross County's property, the disputed portion of the railroad right-of-way would have been included.

According to Thalman, when Cross County purchased the property, a concrete blacksmith's shop was already partially situated on the disputed portion of the property and the entire property was surrounded by a chain-link fence which ran along the bank of the river. Cross County subsequently constructed additional buildings on the property, including a concrete shed and a cinder-block building which encroached on the disputed portion. The area now claimed by MAG was used continuously for storage of coal, steel plates, and for planting a vegetable garden, and it was enclosed by a chain-link fence. SDR initially leased the property from Cross County in 1990 before purchasing it in 1994. SDR's deed carried forward the same description of the property as was contained in the 1949 deed. SDR's president admitted that he did not obtain a survey of the property prior to the purchase, but relied on information provided by the seller and the description in the deed that the property extended to the middle of the river.

MAG has failed to offer any facts to dispute the evidence provided by SDR that Cross County enclosed the disputed portion of the right-of-way with a chain link fence, that it cultivated the property, that it constructed permanent structures on the property, and that it continuously used the

property in this manner for over 40 years. Such evidence was sufficient to establish that possession was actual, open and notorious, exclusive, and continuous (*see, Golden Hammer Auto Body Corp. v Consolidated Rail Corp.,* 151 AD2d 545).

Where the use is actual, open and notorious, exclusive and continuous for the full 10-year period, a presumption of hostility arises, and the burden shifts to the record owner to produce evidence rebutting the presumption (*see, Katona v Low,* 226 AD2d 433; *Nazarian v Pascale,* 225 AD2d 381; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118). A showing of enmity or specific acts of hostility is not required; rather, hostility may be found even though the possession occurred inadvertently or by mistake (*see, Katona v Low, supra; Robarge v Willett,* 224 AD2d 746; *see also, Belotti v Bickhardt,* 228 NY 296, *supra*). Here, MAG has offered no proof to rebut evidence that Cross County used the disputed property under the mistaken belief that its property line extended to the middle of the river as it existed in 1949, not as it existed in 1897.

My colleagues suggest that there is an issue of fact as to whether Cross County acted under a claim of right because a 1953 map produced by SDR in connection with this motion indicated that the river had changed course at some point after 1897. The element of a claim of right can be defeated by proof that the proponent of adverse possession acknowledged during the 10-year period that ownership of the property resided in another (*see, Van Gorder v Masterplanned, Inc.,* 78 NY2d 1106; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, *supra*). However, there is no evidence that anyone connected with Cross County knew or acknowledged, prior to this litigation, that the river had changed course before its purchase of the property in 1949. Rather, it is evident, based on the affidavit of SDR's president, that the information provided in the 1897 and 1953 maps was obtained as a result of this litigation.

I cannot conceive of a clearer case of adverse possession than as exists here, where the disputed land was openly enclosed, built upon, and used for over 40 years, based on a deed which any owner would reasonably believe included property to the middle of a river which had remained in essentially the same position for those 40 years.

I agree with my colleagues that the Supreme Court properly determined that Transportation Law § 18 does not apply (*Golden Hammer Auto Body Corp. v Consolidated Rail Corp.,* 151 AD2d 545, *supra*). As MAG's remaining contentions are

without merit, I would grant summary judgment to SDR and declare it to be the owner of the disputed area by adverse possession.