■ DONNA F. BARNETT, Appellant, v ERIC M. NELSON, Respondent, et al., Defendants. [670 NYS2d 326] —In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Hickman, J.), dated March 27, 1997, which, *inter alia,* granted the motion of the defendant Eric M. Nelson for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 25, 1997, upon the order, which, *inter alia,* awarded "full and exclusive possession" of the property to the defendant Eric M. Nelson.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A party seeking to obtain title by adverse possession on a

claim not based upon a written instrument must produce evidence that the subject premises was either "usually cultivated or improved" or "protected by a substantial enclosure" (RPAPL 522 [1], [2]), consistent with the property's character, location, condition, and potential uses (*see, Morris v DeSantis,* 178 AD2d 515; *Birnbaum v Brody,* 156 AD2d 408). In addition, the party must satisfy, by clear and convincing evidence, the common-law requirement of demonstrating that the possession of the parcel was hostile, under a claim of right, actual, open, notorious, and exclusive, and it must have been continuous for the statutory period (*see, Brand v Prince,* 35 NY2d 634; *Belotti v Bickhardt,* 228 NY 296; *Morris v DeSantis, supra*).

We agree with the Supreme Court's determination that the defendant Eric M. Nelson established these elements by clear and convincing evidence, and thus acquired title to the property by adverse possession. The plaintiff's papers failed to raise a question of fact warranting denial of the motion for summary judgment.

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.