■ CHARLES R. GERLACH, Respondent-Appellant, v RUSSO REALTY CORP., Appellant-Respondent. [695 NYS2d 128] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant appeals from stated portions of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 23, 1998, which, *inter alia,* denied that branch of its cross motion which was to dismiss the first cause of action for adverse possession, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's cross motion which was to dismiss the plaintiff's third cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A party seeking to obtain title to real property by adverse possession on a claim not based upon a written instrument must demonstrate, by clear and convincing evidence, that the possession of the property was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (*see, Brand v Prince,* 35 NY2d 634; *MAG Assocs. v SDR Realty,* 247 AD2d 516; *Katona v Low,* 226 AD2d 433; *Dittmer v Jacwin Farms,* 224 AD2d 477; *Weinstein Enters. v Cappelletti,* 217 AD2d 616).

The defendant's contention that the plaintiff's cause of action for adverse possession should have been dismissed because the plaintiff failed to establish that he possessed the property under a claim of right lacks merit. " 'The mere possession of land without any claim of right, no matter how long it may be continued, gives no title' " (*Soukup v Nardone,* 212 AD2d 772, 774, quoting *Schoenfeld v Chapman,* 280 App Div 464, 466). However, an inference of hostile possession or claim of right will be drawn when the other elements of adverse possession are established, unless, prior to the vesting of title, the party in possession has admitted that title belongs to another (*see, MAG Assocs. v SDR Realty, supra; Soukup v Nardone, supra; Sinicropi v Town of Indian Lake,* 148 AD2d 799; *Borruso v Morreale,* 129 AD2d 604). The record adequately supports the finding that the plaintiff's use and possession of the premises was actual, open and notorious, exclusive, and continuous for 13 years, and it was therefore presumed to be adverse or hostile under a claim of right. Thus, the Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the cause of action for adverse possession. In addition, the Supreme Court properly dismissed the plaintiff's laches cause of action, as laches is a defense and not a cognizable cause of action (*see, Short v Rapping,* 135 AD2d 624).

We find no merit to the parties' remaining contentions. Altman, J. P., Friedmann, McGinity and Smith, JJ., concur.