■ ELIZABETH BOCKOWSKI, an Infant, by Her Mother and Natural Guardian, PAULA BOCKOWSKI, et al., Appellants, v ROBERT MALAK et al., Respondents. [720 NYS2d 557] —In an action, *inter alia*, to permanently enjoin the defendants from trespassing upon the plaintiffs' property and to award the plaintiffs sole title and exclusive possession of an adjoining parcel of property, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), entered October 12, 1999, which denied their motion for a preliminary injunction and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On or about July 6, 1979, the plaintiffs, record owners of a certain parcel of real property located in Richmond County, installed a fence on a portion of the adjoining property, thereby enclosing an area of approximately three or four feet by 158 feet, and planted various shrubs, bushes, and trees on the parcel. In April 1999 the defendants, who had purchased the adjoining parcel two years earlier, removed the fence. The plaintiffs commenced this action seeking, *inter alia*, an award of ownership of the property by adverse possession. In their complaint, they failed to allege that their possession was under claim of right. Their submissions to the court acknowledge that the fence was placed on "neighboring property," and that the plaintiff Paula Bockowski explicitly admitted that she did not own the property.

The plaintiffs admitted that the fence was constructed on land that they knew did not belong to them (*see, Gerlach v Russo Realty Corp.*, 264 AD2d 756; *Dittmer v Jacwin Farms*, 224 AD2d 477, 478; *see also, Matter of Union Indem. Ins. Co.*, 89 NY2d 94; *Northville Indus. Corp. v National Fire Ins. Co.*, 89 NY2d 621; *Kurten v Werner Co.*, 139 AD2d 699; *cf., Katona v Low*, 226 AD2d 433). The plaintiffs' possession of the disputed parcel of property was never under a claim of right. Mere possession, no matter how long continued, gives no title (*see, MAG Assocs. v SDR Realty*, 247 AD2d 516; *Soukup v Nardone*, 212 AD2d 772; *Schoenfeld v Chapman*, 280 App Div 464, 466, *affd* 305 NY 698). Accordingly, the defendants were entitled to summary judgment. Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.