■ HARBOR ESTATES LIMITED PARTNERSHIP, Appellant, v OLEG MAY et al., Respondents. [742 NYS2d 347] —In an action, inter alia, for a judgment declaring that the plaintiff is the owner of the property in question and to compel the removal of encroachments to that property, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 9, 2001, as denied those branches of its cross motion which were for summary judgment declaring that it is the owner of the property in question and dismissing the counterclaim based upon adverse possession.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the cross motion which were for summary judgment declaring that the plaintiff is the owner of the property in question and dismissing the counter-claim based upon adverse possession are granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is the owner of the property in question.

In 1987 the defendants installed a fence on property owned by the City of New York, which was adjacent to property owned

by the defendants. In 2000 the plaintiff, successor in interest to the City of New York, commenced this action seeking, inter alia, the removal of the fence. The defendants counterclaimed for a judgment declaring that they owned the property formerly owned by the City of New York, by virtue of adverse possession for a continuous period in excess of 10 years.

The elements of adverse possession are hostile possession, under a claim of right, which was actual, open, notorious, exclusive, and continuous for the statutory period (*see Giannone v Trotwood Corp.,* 266 AD2d 430, 431). An inference of hostile possession under claim of right will be drawn when the other elements of adverse possession are established, and there has been no admission that title belongs to another prior to the vesting of title (*see Gerlach v Russo Realty Corp.,* 264 AD2d 756, 757; *Soukup v Nardone,* 212 AD2d 772, 774).

In the instant case, the inference of hostile possession was rebutted by the admissions of the defendant Oleg May in support of the defendants' motion for summary judgment, and at an examination before trial in the instant action, that he knew that the subject property belonged to the City of New York when he constructed a fence thereon. The relevant consideration is not when the admission was made, but when the defendants knew that they did not own the subject property. The admissions established that the defendants' possession of the disputed parcel of real property was with knowledge that they did not own the subject property at the time that they constructed the fence (*see Bockowski v Malak,* 280 AD2d 572; *Joseph v Whitcombe,* 279 AD2d 122; *Giannone v Trotwood Corp., supra* at 431; *cf. Birkholz v Wells,* 272 AD2d 665). Mere possession, no matter how long continued, gives no title by adverse possession unless under claim of right (*see Gerlach v Russo Realty Corp., supra; MAG Assoc. v SDR Realty,* 247 AD2d 516; *Giannone v Trotwood Corp., supra; Dittmer v Jacwin Farms,* 224 AD2d 477).

In view of the foregoing, the defendants' remaining contentions need not be addressed. Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.