■ Oak Ponds, LLC, Respondent, v Doris T. Willumsen et al., Appellants. [745 NYS2d 44] —In an action to quiet title, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered October 25, 2001, which denied their motion for summary judgment dismissing the complaint and, upon searching the record, granted summary judgment to the plaintiff.

Ordered that the judgment is modified by deleting the provision thereof which, upon searching the record, granted summary judgment to the plaintiff; as so modified, the judgment is affirmed, without costs and disbursements.

An effective claim of adverse possession has five elements: "First, the possession must be hostile and under claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and fifth, it must be continuous" for the statutory period of 10 years (*MAG Assoc. v SDR Realty,* 247 AD2d 516, 517 [internal quotation marks omitted]; *see Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d 154). These elements must be established by clear and convincing evidence (*see MAG Assoc. v SDR Realty, supra*). Awareness that others own the property upon entry on the property or within the 10-year statutory period will defeat any claim of right (*see Bockowski v Malak,* 280 AD2d 572; *Joseph v Whitcombe,* 279 AD2d 122; *Oistacher v Rosenblatt,* 220 AD2d 493; *Schoenfeld v Chapman,* 280 App Div 464).

Here, the Supreme Court properly denied the defendants' motion for summary judgment, but improperly granted summary judgment to the plaintiff upon searching the record. Issues of fact exist, including but not limited to, whether the defendants possessed the disputed property under a claim of right. Contrary to the Supreme Court's conclusion, the statement in the affidavit by the defendant Doris T. Willumsen that the defendants maintained the property "as if [they] owned it," was insufficient to constitute an admission that the property was not possessed under a claim of right. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.