■ JOHN P. GORMAN et al., Respondents, v JEFFREY SHER-
MAN et al., Appellants. [749 NYS2d 893] —In an action, inter alia,
pursuant to RPAPL article 15 to compel the determination of
claims to real property, the defendants appeal from so much of
an order of the Supreme Court, Westchester County (Donovan,
J.), entered December 20, 2001, as denied that branch of their
motion which was for summary judgment on the first and third
counterclaims.

Ordered that the order is affirmed insofar as appealed from,
with costs.

It is well settled that a party who seeks to acquire title to
real property by adverse possession must demonstrate, by clear
and convincing evidence, that their possession of the property
"was hostile, under a claim of right, actual, open, notorious,
and exclusive, and it must have been continuous for the statu-
tory period" (*Barnett v Nelson,* 248 AD2d 656, 657; *see Ray v
Beacon Hudson Mtn. Corp.,* 88 NY2d 154, 159; *Brand v Prince,*
35 NY2d 634, 636). Further, on a claim not based upon a writ-
ten instrument, the party must "produce evidence that the
subject premises was either 'usually cultivated or improved' or
'protected by a substantial enclosure' (RPAPL 522 [1], [2]), con-
sistent with the property's character, location, condition and
potential uses" (*Barnett v Nelson, supra* at 657). In the instant
case, the Supreme Court properly denied that branch of the
defendants' motion which was for summary judgment on their
first and third counterclaims, as triable issues of fact exist as
to whether the defendants acquired title to the disputed prop-
erty by adverse possession (*see generally Zuckerman v City of
New York,* 49 NY2d 557).

In light of this determination, we need not address the
plaintiffs' remaining contentions. O'Brien, J.P., Friedmann, H.
Miller and Cozier, JJ., concur.