■ IGOR ZOLOTOV et al., Respondents, v ROBERT TOUSSIE, Appellant. [760 NYS2d 229] —In an action, inter alia, for a judgment declaring that the plaintiffs are the owners of a certain strip of land under a claim of adverse possession, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated March 19, 2002, which, among other things, granted the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed, with costs.

The disputed property is an approximately 104-by-20-foot grass strip which runs from east to west and abuts the southern border of the plaintiffs' property, which was purchased by them from the estate of Claire Kamiel. This action arises from an incident in which the defendant removed a fence located at the edge of the grass strip, constructed a new fence 20 feet closer to the plaintiffs' house, and excluded the grass strip from the plaintiffs' property. The plaintiffs moved for summary judgment, arguing that their predecessors in interest acquired title to the grass strip by adverse possession, and that the grass strip was conveyed to the plaintiffs when they purchased the property. The defendant opposed the plaintiffs' motion, arguing, inter alia, that the Kamiels' possession of the grass strip was not hostile and under a claim of right. The Supreme Court granted the plaintiffs' motion. We affirm.

A party seeking to obtain title to real property by adverse possession on a claim not based upon a written instrument must establish that the property was "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522; *Barnett v Nelson,* 248 AD2d 656, 656-657 [1998]). In addition, the party must satisfy the common-law requirement of demonstrating, by clear and convincing evidence, that the possession of the property was hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for the statutory period (*see Belotti v Bickhardt,* 228 NY 296, 302 [1920]; *Oak Ponds v Willumsen,* 295 AD2d 587, 588 [2002]; *MAG Assoc. v SDR Realty,* 247 AD2d 516, 517 [1998]).

The plaintiffs established their entitlement to judgment as a matter of law by showing that the Kamiels acquired title to the grass strip by adverse possession under both RPAPL 522 and the common law. Although the plaintiffs' deed did not include the grass strip in its description, the plaintiffs demonstrated that the executors of the estate intended to convey the grass strip to them (*see Belotti v Bickhardt, supra*). In opposition, the defendant failed to raise a triable issue of fact as to whether the Kamiels' possession of the grass strip had been hostile and under a claim of right. Thus, the Supreme Court properly granted the plaintiffs' motion.

The defendant's remaining contentions are without merit. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.