■ Elizabeth A.M. Robinson et al., Respondents-Appellants, v Knut Eirich et al., Appellants-Respondents. [770 NYS2d 73]—

In an action pursuant to RPAPL article 15 to determine a claim to real property, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Henry, J.), entered July 25, 2002, as failed to declare the rights of the parties to the subject property, and the plaintiffs cross-appeal from so much of the same judgment as, in effect, upon an order of the same court dated May 6, 2002, granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is modified, on the law, (1) by

deleting the provision thereof dismissing the first and second causes of action and substituting therefor a provision severing those causes of action, and (2) adding a provision thereto declaring that the plaintiffs did not adversely possess the subject easement and that the defendants are the lawful owners and are vested with absolute title in fee to the property located at No. 40 Ingersoll Street, Huntington Station, New York, which includes the subject 25 feet by 100 feet easement; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the first and second causes of action are reinstated, and the order dated May 6, 2002, is modified accordingly.

The court properly dismissed the plaintiffs' third cause of action seeking title to the subject easement by adverse possession. The record clearly establishes that when the plaintiff Elizabeth A.M. Robinson took title to her property in 1974 and erected a fence, which placed the property subject to the easement completely on her side of the fence, she knew that she did not own the property subject to the easement. This awareness in 1974 that others owned the property subject to the easement defeated any claim of right made by the plaintiffs in this case (*see Harbor Estates Ltd. Partnership v May,* 294 AD2d 399 [2002]; *Bockowski v Malak,* 280 AD2d 572 [2001]; *Joseph v Whitcombe,* 279 AD2d 122 [2001]; *Giannone v Trotwood Corp.,* 266 AD2d 430 [1999]). Therefore, the defendants were entitled to dismissal of the plaintiffs' cause of action sounding in adverse possession.

However, the court erred in dismissing the plaintiffs' first two causes of action. In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law on those causes of action, the plaintiffs proffered sufficient evidence to raise a triable issue of fact as to whether the defendants' narrowing of the area subject to the easement by the defendants' erection of a fence, after they tore down the plaintiffs' fence, impaired the plaintiffs' ingress and egress rights under the easement (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *see also Lewis v Young,* 92 NY2d 443 [1998]).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants declaring that the plaintiffs did not adversely possess the subject easement and that the defendants are the lawful owners and are vested with absolute title in fee to the property located at No. 40 Ingersoll Street, Huntington Station, New York, which includes the subject 25 feet by 100 feet ease-

ment (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions are either without merit or have been raised improperly for the first time on appeal. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.