■ WILLIAM BERRY et al., Appellants, v DAVID SOUTHARD, Respondent. [789 NYS2d 732]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 18, 2003, which, among other things, granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must produce evidence that the subject premises were either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]). That party must also establish, by clear and convincing evidence, the common-law requirements of hostile possession, under a claim of right, which was actual, open, notorious, and exclusive, and continuous for the statutory period (*see Gore v Cambareri,* 303 AD2d 551, 552 [2003]; *Casini v Sea Gate Assn.,* 262 AD2d 593, 594 [1999]). Furthermore, so-called "paper" easements may not be extinguished by adverse possession absent a demand by the owner that the easement be opened and a refusal by the party in alleged adverse possession (*see Spiegel v Ferraro,* 73 NY2d 622, 626 [1989]). The theory underlying the exception is that "paper" easements, not definitively located and developed through use, "are not yet in functional existence and therefore the owner of the easement could not be expected to have notice of the adverse claim until either the easement is opened or the owner demands that it be opened. It is only at such point, therefore, that the use of the easement by another is deemed to be adverse to the owner and the prescriptive period begins to run" (*id.*). Here, the plaintiffs failed to allege their adverse possession of the paper easement for the statutory period.

In light of our determination, we need not reach the plaintiffs'

remaining contentions. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.