■ In the Matter of Patricia Reed Perry, Appellant. Young Israel of New Rochelle, Respondent. [812 NYS2d 605]—

In a proceeding pursuant to RPAPL article 15 to quiet title to real property, the petitioner appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 7, 2004, which granted the motion of Young Israel of New Rochelle to vacate a judgment of the same court dated June 3, 2004, upon the failure of any person to appear or answer after the publication of process, in effect, declaring that the petitioner is the owner of the real property.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment is reinstated.

The petitioner commenced this proceeding to quiet title to real property that had been used by her family since 1794 as a private cemetery. The Supreme Court entered a judgment upon the failure of any person to appear or answer after the publication of process, in effect, declaring that the petitioner was the fee simple owner of the real property. It thereafter granted the motion of Young Israel of New Rochelle (hereinafter Young Israel), an adjoining landowner, to vacate the default judgment pursuant to CPLR 317, and permitted Young Israel to appear in the proceeding and serve an answer, finding that Young Israel had a meritorious defense based on adverse possession of the real property. We reverse.

"A party seeking to obtain title by adverse possession must establish that the property was either 'usually cultivated or improved,' or 'protected by a substantial enclosure' for the 10-year statutory period (*see,* RPAPL 522 [1], [2]). In addition, as required by common law, the party must demonstrate, by clear and convincing evidence, that the possession of the parcel was hostile, under a claim of right, actual, open, notorious, exclusive, and continuous for the statutory period" (*Casini v Sea Gate Assn.,* 262 AD2d 593, 594 [1999]; *see Trimboli v Irwin,* 18 AD3d 866, 867 [2005]; *Berry v Southard,* 15 AD3d 516 [2005]; *Ryan v Dowicz,* 306 AD2d 396 [2003]; *Gore v Cambareri,* 303 AD2d 551, 552 [2003]). If any of these elements is lacking, the alleged possession will not effect a change in legal title (*see Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501, 503 [1993]). In this proceeding, Young Israel failed to establish that

it cultivated or improved the real property (*see Roberts v Baumgarten*, 110 NY 380, 384-385 [1888]) or that it enclosed the real property in order to exercise exclusive dominion over it (*see Casini v Sea Gate Assn., supra*). In addition, it failed to establish that its alleged use and possession of the real property was, inter alia, hostile to the petitioner's interests (*see Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]), exclusive (*see Susquehanna Realty Corp. v Barth*, 108 AD2d 909 [1985]), or accomplished under a claim of right (*see Harbor Estates Ltd. Partnership v May*, 294 AD2d 399, 400 [2002]; *Bockowski v Malak*, 280 AD2d 572 [2001]; *Dittmer v Jacwin Farms*, 224 AD2d 477, 478 [1996]).

The Supreme Court therefore erred in determining that Young Israel had a meritorious defense (*see* CPLR 317). Accordingly, the motion to vacate the default judgment should have been denied, and the judgment should be reinstated.

In light of the foregoing, we do not reach the parties' remaining contentions. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.