■ RAMONA MORALES et al., Appellants, v DIONNE RILEY, Respondent. [813 NYS2d 518]—

In an action, inter alia, for a judgment declaring, in effect, that the defendant does not have a prescriptive easement over any portion of the plaintiffs' property and to recover damages for trespass, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.H.O.), entered December 23, 2004, which, after a nonjury trial, is in favor of them and against the defendant in the sum of only $1,000, and is in favor of the defendant and against them on the counterclaim for a judgment declaring that the defendant has a prescriptive easement over a portion of the plaintiffs' property.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment in accordance herewith.

"To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period" of 10 years (*Asche v Land & Bldg. Known as 64-29 232nd St.*, 12 AD3d 386, 387 [2004]; *see Greenhill v Stillwell*, 306 AD2d 434 [2003]). These elements must be established by clear and convincing evidence (*see Rivermere Apts. v Stoneleigh Parkway*, 275 AD2d 701 [2000]). "Awareness that others own the property upon entry on the property or within the 10-year statutory period will defeat any claim of right" (*Oak Ponds v Willumsen*, 295 AD2d 587, 588 [2002]; *see Bockowski v Malak*, 280 AD2d 572 [2001]). Here, the Supreme Court erroneously determined that the defendant established her entitlement to a prescriptive easement, because she acknowledged that within 10 years of taking title to

her property, she learned that a portion of her paved driveway encroached on the plaintiffs' property, thereby rebutting the presumption of hostility, and defeating her claim of right (*see Robinson v Eirich,* 2 AD3d 617, 618 [2003]; *Harbor Estates Ltd. Partnership v May,* 294 AD2d 399 [2002]). Thus, the plaintiffs were entitled to a declaration that the defendant does not have a prescriptive easement over any portion of the plaintiffs' property.

Finally, the Supreme Court properly determined that the measure of damages is the rental value of the area actually occupied by the defendant (*see Litwin v Town of Huntington,* 248 AD2d 361 [1998]; *see also Cassata v New York New England Exch.,* 250 AD2d 491 [1998]) for the relevant 2½-year period (*see Rand Prods. Co. v Mintz,* 69 Misc 2d 1055, 1059 [1972], *affd* 72 Misc 2d 621 [1973]; *see also Ringwald v Sadlowski,* 237 App Div 59, 61 [1932]; *cf. Lahr v Metropolitan El. Ry. Co.,* 104 NY 268, 294 [1887]; *Sinsheimer v Underpinning & Found. Co.,* 178 App Div 495, 500-501 [1917]). However, the Supreme Court also correctly determined that the plaintiffs failed to establish any rental value greater than the value of the defendant's use of the disputed property for the storage of her boat. Nonetheless, in calculating the amount of damages referable to that use, the Supreme Court erroneously used a figure of $400 per year, rather than the figure of $3,400 per year that the defendant testified it had cost her to store the boat elsewhere (*see De Camp v Bullard,* 159 NY 450, 454-455 [1899]; *Sakele Bros., LLC v Safdie,* 302 AD2d 20, 27 [2002]; *Granchelli v Johnson Bldg. Co.,* 85 AD2d 891 [1982]; *West St. Auto Serv. v Schmidt,* 26 AD2d 662 [1966]). Accordingly, the plaintiffs were entitled to an award of damages in the principal amount of $8,500.

In light of the above, we remit the matter to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.