■ ROBERT BEYER et al., Appellants, v ROSE PATIERNO et al., Respondents. [815 NYS2d 194]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the lawful owners, by adverse possession, of a certain parcel of real property, in which the defendants asserted a counterclaim to remove certain items from the premises pursuant to RPAPL 871, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered March 15, 2005, which granted the defendants' motion for summary judgment, and, in effect, denied their cross motion for summary judgment, and (2) a judgment of the same court

entered May 25, 2005, which upon the order, directed the plaintiffs to remove all encroaching structures from the subject property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the defendants are the lawful owners of the disputed property; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants reside at 24 Dogwood Road, in Bedford, New York, and the plaintiffs reside on the adjacent property, 28 Dogwood Road. Before closing on 28 Dogwood Road, the plaintiffs learned that a portion of their driveway encroached onto the defendants' property. The plaintiffs' attorney, who was handling the closing, sought a license from the defendants permitting the plaintiffs to use the encroaching portion of the driveway. However, the defendants refused to grant the plaintiffs a license. Despite knowing that the property was owned by the defendants, the plaintiffs allege that they continuously, openly, notoriously, and exclusively used the encroaching portion of the driveway from May 1989 to May 2004.

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]; *see Oistacher v Rosenblatt,* 220 AD2d 493, 494 [1995]). In addition, a party must satisfy the following common-law requirements of adverse possession: " 'First, the possession must be hostile and under claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and fifth, it must be continuous' " for the statutory period of 10 years (*MAG Assoc. v SDR Realty,* 247 AD2d 516, 517 [1998], quoting *Belotti v Bickhardt,* 228 NY 296, 302 [1920]; *see Oak Ponds v Willumsen,* 295 AD2d 587, 588 [2002]). These elements must be established by clear and convincing evidence (*see MAG Assoc. v SDR Realty, supra*). "Mere possession, no matter how long continued, gives no title by adverse possession unless under claim of right" (*Harbor Estates Ltd. Partnership v May,* 294

AD2d 399, 400 [2002]; *see Bockowski v Malak,* 280 AD2d 572 [2001]). "[A]n inference of hostile possession or claim of right will be drawn when the other elements of adverse possession are established, unless, prior to the vesting of title, the party in possession has admitted that title belongs to another" (*Gerlach v Russo Realty Corp.,* 264 AD2d 756, 757 [1999]). An "[a]wareness that others own the property upon entry on the property or within the 10-year statutory period will defeat any claim of right" (*Oak Ponds v Willumsen, supra* at 588; *see Bockowski v Malak, supra*).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs knew that the defendants owned the encroaching portion of the driveway before their alleged possession of the driveway. The conduct of the plaintiffs' attorney in requesting a license from the defendants constitutes an admission that title to the encroaching portion of the driveway belonged to the defendants (*see Manhattan School of Music v Solow,* 175 AD2d 106, 107 [1991]; *cf. Gerlach v Russo Realty Corp., supra*). Therefore, the plaintiffs did not enter the encroaching land under a claim of right, even if they satisfied all other elements of adverse possession (*see Harbor Estates Ltd. Partnership v May, supra*).

In opposition, the plaintiffs failed to raise a triable issue of fact. Under such circumstances, the defendants' motion was properly granted and the plaintiffs' cross motion, was properly, in effect, denied. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.