■ In the Matter of PATRICIA REED PERRY, Appellant. YOUNG ISRAEL OF NEW ROCHELLE, Respondent. [823 NYS2d 413]—

Motion by the respondent for leave to reargue an appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 7, 2004, which was determined by decision and order of this Court dated March 21, 2006 [27 AD3d 652], or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated March 21, 2006, is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to RPAPL article 15 to quiet title to

real property, the petitioner appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 7, 2004, which granted the motion of Young Israel of New Rochelle to vacate a judgment of the same court dated June 3, 2004, upon the failure of any person to appear or answer after the publication of process, in effect, declaring that the petitioner is the fee simple owner of the subject real property.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment is reinstated.

The petitioner commenced this proceeding to quiet title to real property that had been used by her family since 1794 as a private cemetery. The Supreme Court entered a judgment upon the failure of any person to appear or answer after the publication of process, in effect, declaring that the petitioner was the fee simple owner of the real property. It thereafter granted the motion of Young Israel of New Rochelle (hereinafter Young Israel), an adjoining landowner, to vacate the default judgment pursuant to CPLR 317, and permitted Young Israel to appear in the proceeding and serve an answer, finding that Young Israel had a meritorious defense based on adverse possession of the real property. We reverse.

"A party seeking to obtain title by adverse possession must establish that the property was either 'usually cultivated or improved', or 'protected by a substantial enclosure' for the 10-year statutory period (*see* RPAPL 522 [1], [2]). In addition, as required by common law, the party must demonstrate . . . that the possession of the parcel was hostile, under a claim of right, actual, open, notorious, exclusive, and continuous for the statutory period" (*Casini v Sea Gate Assn.,* 262 AD2d 593, 594 [1999]; *see Trimboli v Irwin,* 18 AD3d 866, 867 [2005]; *Berry v Southard,* 15 AD3d 516 [2005]; *Ryan v Dowicz,* 306 AD2d 396 [2003]; *Gore v Cambareri,* 303 AD2d 551, 552 [2003]). If any of these elements is lacking, the alleged possession will not effect a change in legal title (*see Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501, 503 [1993]).

As an alternative ground for affirmance, Young Israel urges this Court to determine that it acquired a prescriptive easement over the subject real property. In order to acquire an easement by prescription, it must be shown that the use of real property was "hostile, open and notorious, and continuous and uninterrupted for the prescriptive period" of 10 years (*Asche v Land & Bldg. Known as 64-29 232nd St.,* 12 AD3d 386, 387 [2004]; *see Morales v Riley,* 28 AD3d 623 [2006]; *J.C. Tarr, Q.P.R.T. v Delsener,* 19 AD3d 548, 550 [2005]; *Greenhill v Stillwell,* 306 AD2d 434 [2003]).

In this proceeding, Young Israel failed to establish that it cultivated or improved the real property (*see Roberts v Baumgarten,* 110 NY 380, 384-385 [1888]) or that it enclosed the real property in order to exercise exclusive dominion over it (*see Casini v Sea Gate Assn., supra*). In addition, it failed to establish that its alleged use and possession of the real property was, inter alia, hostile to the petitioner's interests (*see Allen v Mastrianni,* 2 AD3d 1023, 1024 [2003]; *cf. Walling v Przybylo,* 7 NY3d 228 [2006], exclusive (*see Susquehanna Realty Corp. v Barth,* 108 AD2d 909 [1985]), or accomplished under a claim of right (*see Harbor Estates Ltd. Partnership v May,* 294 AD2d 399, 400 [2002]; *Bockowski v Malak,* 280 AD2d 572 [2001]; *Dittmer v Jacwin Farms,* 224 AD2d 477, 478 [1996]).

The Supreme Court therefore erred when it determined that Young Israel had a meritorious defense to this proceeding (*see* CPLR 317). Accordingly, the motion to vacate the default judgment should have been denied, and the judgment should be reinstated.

In light of the foregoing, we do not reach the parties' other contentions. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.