■ DOMINICK D'ARGENIO III et al., Appellants, v ASHLAND BUILDING, LLC, Respondent. [910 NYS2d 550]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Fusco, J.), dated September 4, 2009, which denied their motion to reopen the trial and introduce rebuttal testimony, and (2) a judgment of the same court dated December 10, 2009, which, upon a decision of the same court dated November 10, 2009, made after a nonjury trial, is in favor of the defendant and against them on the cause of action alleging adverse possession, directing them to remove an encroaching fence from the subject real property.

Ordered that the appeal from the order dated September 4, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order dated September 4, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated September 4, 2009, are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of witnesses (see Golding v Gottesman, 41 AD3d 430 [2007]; Tornheim v Kohn, 31 AD3d 748 [2006]).

Here, the trial court did not err in finding that the plaintiffs had failed to establish the elements of adverse possession. The plaintiffs failed to demonstrate that their use of the subject premises was hostile and under a claim of right, and continuous for 10 years. The trial court found that the plaintiffs were made aware during the statutory 10-year period that the defendant owned the subject premises. An awareness that others own the property within the statutory 10-year period will defeat any

claim of right (*see Beyer v Patierno*, 29 AD3d 613 [2006]; *Morales v Riley*, 28 AD3d 623 [2006]; *Oak Ponds v Willumsen*, 295 AD2d 587 [2002]). Furthermore, the record shows that the use was permissive. Accordingly, the trial court's determination was supported by the record and we find no reason to disturb it.

The plaintiffs' remaining contention is without merit. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.