■ Eion Michael Properties, LLC, Appellant, v 102 Bruckner Boulevard Realty LLC, Respondent. [40 NYS3d 378]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered November 19, 2015, after a nonjury trial, in favor of defendant, unanimously modified, on the law, to declare in favor of defendant as indicated herein, and, as so modified, affirmed, without costs. Appeal from order, same court (Kenneth L. Thompson, Jr., J.), entered June 12, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly determined that an issue of fact existed as to whether plaintiff's intended use of the easement over defendant's property was impaired beyond the convenience to which plaintiff was accustomed (*see Robinson v Eirich*, 2 AD3d 617, 618 [2d Dept 2003]; *see also Thibodeau v Martin*, 119 AD3d 1015, 1016 [3d Dept 2014]).

The trial court correctly granted defendant's motion for a directed verdict (*see* CPLR 4401). The ruling did not rest on credibility but rather on plaintiff's principal's testimony that large trucks were able to enter the easement but needed to maneuver. That testimony contradicted plaintiff's repeated, earlier conclusory allegations that passage was completely

blocked by defendant's encroachments. Moreover, there was no testimony or other evidence showing a complete blockage.

The trial court providently exercised its discretion in denying plaintiff's request for a continuance at the close of its evidence (*see* CPLR 4402). The surveyor plaintiff sought to call as a witness would not offer testimony on the material issue of whether plaintiff's easement was impaired beyond the convenience to which it was accustomed, the expert testimony had not been revealed in expert disclosure, and plaintiff knew of the need for this witness from the outset but chose to call him at the end of its case (*see Black v St. Luke's Cornwall Hosp.,* 112 AD3d 661, 661 [2d Dept 2013]).

Since this is a declaratory judgment action, defendant is entitled to a declaration that plaintiff's intended use of the easement over defendant's property was not impaired. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.