Dov Land USA, LLC v Hickman (2024 NY Slip Op 51616(U))

[*1]

Dov Land USA, LLC v Hickman

2024 NY Slip Op 51616(U)

Decided on November 25, 2024

Civil Court Of The City Of New York, Kings County

Epstein, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2024
Civil Court of the City of New York, Kings County

Dov Land USA, LLC, Petitioner,

against
Robert Hickman, "John" "Doe," "Jane" "Doe," Respondent.

Index No. LT-312397-23/KI

For Plaintiff: 
Joseph Goldsmith, Esq.
Kucker Marino Winiarsky & Bittens, LLP
747 Third Avenue
New York, New York 10017
212-869-5030
For Defendant: 
Michael P. Kozek, Esq.
WEEN & KOZEK
20 Jay Street, Suite 814
Brooklyn, NY 11201
(212) 964-1822

Jill R. Epstein, J.

This proceeding was commenced by the service and filing of a Notice of Petition and Petition dated April 19, 2023. Dov Land USA, LLC (hereinafter "Petitioner") seeks a judgment of possession with respect to the storage unit, First Floor Storage Unit, in the building located at 56 South 11th Street, Brooklyn, New York 11249 (hereinafter the "Storage Unit"). Robert Hickman (hereinafter "Respondent") has been in possession of the storage unit since approximately 2007. Trial was commenced on September 5, 2024, and concluded on September 30, 2024.
Petitioner is the owner of the building, 56 South 11th Street, Brooklyn, New York 11249 (hereinafter the "Building"). The building is a former Interim Multiple Dwelling, which was subject to a group of regulations called the "Loft Law." A Loft Board decision dated June 16, 2016, removed the building from its jurisdiction. As a result of that determination the building [*2]and storage unit is not subject to the Loft Law. Additionally, the storage unit, which comprises the premises was not listed nor has ever been included in respondent's lease.[FN1]
There was no written documentation provided by either petitioner or respondent granting respondent permission to use or occupy the storage unit. Yet respondent has refused to remove his possessions from the storage unit. Respondent argued, inter alia, that the premises are still to the Loft Law. Respondent also claims that he has adversely possessed the storage unit. Respondent asserts that he was granted permission to use and occupy the storage unit by a prior building owner since 2007. There was no written agreement as to such use. Nor did respondent ever pay for use of the storage area.
Adverse possession requires that possession be "hostile and under a claim of right, actual, open and notorious, exclusive and continuous," described as essentially the type of possession "that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period," which is ten years. See, RPAPL § 501; Estate of Becker v Murtagh, 19 NY3d 75 [2012].
The RPAPL sets forth statutory requirements for adverse possession in addition to the existing common-law requirements. If the adverse possessor claims rights under a claim of title, which is not in writing, whether or not it is coupled with continuous occupancy and incidence of ownership, such as keeping out intruders and paying taxes. See, All the Way E. Fourth St. Block Assn. v Ryan-NENA Community Health Ctr., 30 AD3d NY3d 182 [1st Dept. 2006] and see also, Oak Ponds, LLC v. Willumsen, 295 AD2d 587 [2nd Dept.2002]. "[M]ere occupancy for an extended period of years coupled with open conduct consistent with ownership, but absent an initial claim of right," may not ripen into ownership by adverse possession." See, All the Way E. Fourth St. Block Assn. v Ryan-NENA Community Health Ctr., 30 AD3d NY3d 182 [1st Dept. 2006].
Though both the petitioner and respondent raised a myriad of arguments during trial, it is clear to the Court that the sole relevant issue is whether the respondent adversely possessed the storage unit. During arguments, petitioner and respondent agreed that there was a prior Kings County Landlord Tenant Proceeding, Index No. LT 76013/07, seeking to remove respondent from the storage unit. That matter was dismissed without prejudice, as the Court found that there were issues under the Loft Law, which needed to be resolved first. It was proven at trial that when this action was commenced the Loft Law did not apply.
The previous Landlord Tenant proceeding, which was dismissed without prejudice, put the respondent on notice that his possession of the storage unit was contested by the building owners. The Second Department held has that "[a]wareness that others own the property upon entry on the property or within the 10-year statutory period will defeat any claim of right." Oak Ponds, LLC v. Willumsen, 295 AD2d 587 [2nd Dept.2002]. The Second Department's ruling in Oak Ponds applies to the instant matter. Upon the initiation of the 2007 proceedings, respondent was on notice that the landlord claimed ownership to the storage unit and as such, invalidates respondent's claims of adverse possession.
Additionally, the storage unit was used by the respondent in a manner more consistent with a "licensee" rather than an adverse possessor. The respondent went to the petitioner or his [*3]agents with any issues he encountered with the space. The use of the space was not "hostile" or "notorious." Rather, if respondent needed anything, he notified the petitioner or his other employees. As held by the First Department in All the Way E. Fourth St. Block Assn. v Ryan-NENA Community Health Ctr., 30 AD3d NY3d,[FN2]
a claimed license to use the property from a prior owner even with open conduct does not necessarily equate to adverse possession, regardless of how long the occupier has been in possession of the space. During testimony, the respondent never claimed that he owned or had a right to own the storage unit. He did not pay taxes or rent for the space, he did not repair the storage unit, when there was flooding, and when there were issues with the storage unit, respondent specifically contacted the petitioner or his representatives because of their acknowledged ownership interest in the storage unit.
Ultimately, respondent failed to establish that he has adversely possessed the storage unit for the aforementioned reasons. As such, it would be contrary to the law to allow respondent to be allowed to continue to possess the storage unit, as the petitioner has clearly established their ownership interest in the space and expressed their desire to end whatever licensing agreement a prior building owner may have had with the respondent regarding the storage unit.
WHEREFORE, it is hereby,
ORDERED AND ADJUDGED petitioner is awarded a final judgment of possession and a warrant of eviction. The warrant of eviction to issue forthwith, stayed for fourteen (14) days but through Monday December 9, 2024. The earliest execution date of the warrant of eviction is Tuesday December 10, 2024. Respondent's counterclaim is denied in its entirety.
The foregoing constitutes the decision and order of the Court.
Dated: November 25, 2024
Brooklyn, New York
HON. JILL R. EPSTEIN, JCC

Footnotes

Footnote 1:Respondent has had a lease to a residential unit in the building since the early 2000's. That lease does not include the storage area occupied by respondent.

Footnote 2:The Second Department has not spoken to this issue in any way, which would call the persuasiveness of the First Department decision into question.